### McCAMMON v. KAISER.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

1. CONTRACTS (§ 334*)—ACTION—PLEADINGS—PERFORMANCE.

A complaint alleging defendant's oral promise that if plaintiff would release him from an agreement, and allow him to become the sole owner of certain lots, free from any claim of plaintiff, defendant would pay a certain sum, without alleging that plaintiff agreed to transfer his interest, or to release the defendant from the contract, or had ever tendered a conveyance or release, simply alleged an executory promise without consideration, insufficient to sustain a cause of action.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1660–1663; Dec. Dig. § 334.*]

2. ACTION (§ 62*)—CAUSE OF ACTION—EXISTENCE AT COMMENCEMENT OF SUIT.

In an action to recover a sum of money, plaintiff's tender of performance at the trial would not give a cause of action when the action was commenced.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 345–347; Dec. Dig. § 62.*]

---

3. FRAUDS, STATUTE OF (§ 73*)—AGREEMENT AS TO REAL ESTATE.
    A verbal contract to sell an interest in real property is not enforceable.
    [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 119–121; Dec. Dig. § 73.*]

    Dowling, J., dissenting.

Appeal from Trial Term, New York County.

Action by Thomas A. McCammon against Jacob Kaiser. From a judgment entered upon a verdict of the jury and from an order denying his motion for new trial, defendant appeals. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

James P. Collins, of Brooklyn, for appellant.
Thomas O'Callaghan, of New York City, for respondent.

INGRAHAM, P. J. · [1, 2] This action is at law, and the recovery is based upon an agreement between plaintiff and his assignors on the one part and the defendant on the other, by which, as the complaint alleges, "the said defendant agreed to and with this plaintiff, George F. Stainton, Robert Matherson, and Annie E. Stainton that if they would release the said defendant from said contract aforesaid, and permit and allow him to become the sole owner of said lots aforesaid, free and clear from any claim or demand by said plaintiff and his associates," the defendant would pay and allow to them $2,285.88, which said sum the defendant agreed to pay. There is no allegation in the complaint that the plaintiff or his associates agreed to transfer their interest in the lots or release the defendant from the contract, or had ever tendered a conveyance or release. There is simply an allegation of an executory promise without consideration, and without even an allegation of an offer to perform. This is evidently insufficient to sustain a cause of action. At the opening of the trial, defendant moved to dismiss the complaint; and the court said he would entertain a motion to amend the complaint. Whereupon the plaintiff asked to amend the complaint by inserting an allegation that plaintiff offers to deliver to the defendant a full and complete release of all claims to said contract of purchase of said lots upon payment of $2,285.88, with interest. Over objection and exception of defendant, this amendment was allowed, but still no cause of action was alleged. The action was at law to recover a sum of money, and a tender of performance at the trial, if an enforceable contract had been alleged, would not have given plaintiff a cause of action when the action was commenced. But, as I look at it, there was no enforceable contract alleged. The court reserved decision on the motion to dismiss, to which the defendant excepted.

[3] The plaintiff then offered evidence to show that the defendant came to him and his associates, and suggested that they take an option on some lots in Brooklyn; that plaintiff and his associates agreed and paid defendant various sums of money; that subsequently defendant said to the plaintiff that they ought to build on the lots, and that plain-

tiff said that they had no money, when defendant said, "If you cannot build, I will take them off your hands, and for every dollar that you have paid, I will pay you a dollar and a half;" and that plaintiff and his associates agreed to take this; that subsequently plaintiff asked defendant to repay him the money that he had paid, and that defendant promised that as soon as he got money he would pay the money back; that he would pay it back in February, 1911; and that the total payment to defendant was $1,483.92.

No release was tendered to defendant. The plaintiff offered in evidence two receipts signed by defendant, one dated December 10, 1909, and one January 11, 1910, wherein he admits the receipt of $425 from each of the parties, and in the first receipt he states that, as soon as the contract for the purchase of the lots has been completed, he will make an agreement showing that plaintiff and his associates the defendant and Levy and Baird should be the owners of the lots share and share alike. And in the second receipt defendant agrees that, when he takes the deed of said property, he will make either a contract of sale or a deed of tenancy in common as plaintiff desires showing their interest in and title to said property.

If these instruments gave to plaintiff and his associates any interest in the property purchased, it was an interest in real property, and they could have maintained an action to compel defendant to specifically perform his contract. If defendant had repudiated the contract, plaintiff could have maintained an action to recover back the money paid to defendant as money had and received, but it does not appear that defendant has ever repudiated his obligation. If plaintiff acquired an interest in real property, a verbal contract to sell it was not enforceable, and I cannot see upon what principle plaintiff is entitled to a verdict for the amount that defendant agreed to pay by the verbal promise upon which the action was brought. Cagger v. Lansing, 43 N. Y. 550; Pounds v. Egbert, 117 App. Div. 756, 102 N. Y. Supp. 1079.

The plaintiff may have an action for a specific performance of his contract to convey, an action for the dissolution of a copartnership, or an action for money had and received. But he certainly cannot maintain an action for the money to be paid under the contract alleged in the complaint as the consideration for the conveyance or release of his interest in the real property therein described.

I think, therefore, that the judgment should be reversed, with costs to defendant, and as the complaint sets up no cause of action that it should be dismissed, with costs.

LAUGHLIN, SCOTT, and HOTCHKISS, JJ., concur. DOWLING, J., dissents. .