FRANKLIN P. ROBERGE, Appellant, *v.* CHARLES D. MILLARD and Others, Respondents.

PER CURIAM.   On the motion to change the place of trial from Sullivan county to Westchester county on the ground of convenience of witnesses, it appeared that

---

* Since amd. and re-enacted by Laws of 1927, chap. 558.— [REP.

the defendant had only one material witness, Koback; that the place of the transaction was Westchester county; that it required eighteen months in such county to reach a cause at the Trial Term and that a trial may be had in Sullivan county at the May term ensuing. The claim that the convenience of witnesses is involved is not well supported. The claim that Westchester county is the place of the transaction is not controlling where the ends of justice are involved. (*Tuthill* v. *Long Island R. R. Co.*, 75 Hun, 556.) The rule generally, subject of course to imperative exceptions, is that causes will not be removed from a rural to an urban county. As to Westchester county the rule has been held to be the same as to New York and Kings counties. (*Archer* v. *McIlvavy*, 86 App. Div. 512.) The ends of justice are promoted by a speedy trial. (*Mills* v. *Sparrow*, 131 App. Div. 241; *Clarke* v. *Schumacher*, 223 id. 860.) The order should be reversed and the motion denied. Van Kirk, P. J., Davis, Whitmyer, Hill and Hasbrouck, JJ., concur. Order reversed on the law and facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.