ETTA M. GARDNER, Respondent, v. NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Appellant.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Application of LINDEN FARMS MILK & CREAM CO., INC., Petitioner, for a Certiorari Order against PETER G. TEN EYCK, Commissioner of the Department of Agriculture and Markets of the State of New York, Defendant. — Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE WESTERN NEW YORK AND PENNSYLVANIA RAILWAY COMPANY, Appellant, v. EGBURT E. WOODBURY and Others, Constituting the State Board of Tax Commissioners of the State of New York, Whereas MARK GRAVES and Others Are Now Constituting the State Board of Tax Commissioners of the State of New York, and the CITY OF BUFFALO, Respondents.— Motion granted, with ten dollars costs, without prejudice to the application by the appellant to reinstate the appeal upon showing merits and that *People ex rel. New York Central & H. R. R. R. Co.* v. *Woodbury* (203 N. Y. 167) is not determinative of the issue to be presented on this appeal. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of JENNIE BERRESI and Others, Respondents, against JOHN RYAN and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This case was before this court on a previous occasion. The facts therein will be found in 242 Appellate Division, 279. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of ALEXANDER L. BACH, Respondent, against SCHIEF-FELIN & COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respond-ent.— Employer and carrier appeal from an award. The claimant received his injury while walking down the stairway in the apartment house where he dwelt. He was a drug salesman and had started to go out of the apartment house to call upon a prospective customer. (*Matter of Tafft* v. *Stafford*, 266 N. Y. 555; *Matter of Turner* v. *Cathedral Publishing Co., Inc.*, 243 App. Div. 826; affd., 268 N. Y. 656.) Award reversed and claim dismissed, with costs against the State Industrial Board. Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ., concur.

JOHN SIMPSON, Respondent, v. PARKVILLE AMUSEMENT CORPORATION and Others, Appellants.— Appeal from an order of Albany County Special Term of the Supreme Court denying the application of the defendants for change of venue from Albany county to Kings county on the grounds of convenience of witnesses. The action is brought to recover for services as an architect. The moving papers indicate that most of the witnesses specified by the defendant are either parties or employees of the defendants. Others have charge of the records in the bureau of standards and appeals. The affidavits in behalf of defendants do not properly indicate what the witnesses are expected to testify to. The plaintiff is a resident of Albany county. The court below held that no special circumstances have been shown tending to indicate that the interests of justice will be promoted by such change of venue to a county in the metropolitan district. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.