GEORGE GRAY, Plaintiff, v. COMPANIA NAVIERA LIMITADA OF PANAMA, Defendant.

Supreme Court, Special Term, Albany County, July 22, 1949.

*Reid, Cunningham & Freehill* for defendant.

*Harry D. Graham* for plaintiff.

TAYLOR, J. The defendant has moved to strike out the third cause of action alleged in the complaint apparently on the ground that it fails to state facts sufficient to constitute a cause of action although such is not stated in the notice of motion, for an order declining jurisdiction of the action by the court on the ground that the plaintiff is a nonresident, the defendant a foreign corporation and that the tort out of which the first and second and the first and second alternate causes of action are alleged to have arisen was committed without the State of New York and in the navigable waters of the Mississippi River or in the

alternative transferring the trial of the action from Ulster County to New York County seemingly both on the ground that Ulster County is not the proper county and that the convenience of witnesses will be promoted by the change. The plaintiff has made a cross motion for an order denying the defendant's motion and granting a preference in the trial of the action at the October term of this court for Ulster County. I find no sanction for plaintiff's cross motion insofar as it seeks an order denying defendant's motion.

The first two causes of action alleged in the complaint seek damages for personal injuries, pain and suffering, medical and other expenses, aggravated illness and for maintenance, care and cure under what is commonly known as the Jones Act. (U. S. Code, tit. 46, § 688.) Their alternates seek damages under the laws of the Republic of Panama.

That it has long been the policy of the courts of this State in their discretion to decline jurisdiction of actions sounding in tort where the parties are nonresidents and the tort from which the cause of action arose was committed in a foreign State, there can be no doubt. (*Gregonis* v. *Philadelphia & Reading Coal & Iron Co.,* 235 N. Y. 152; *Murnan* v. *Wabash Ry. Co.,* 246 N. Y. 244; *Aly* v. *Alexandria Navigation Co.,* 43 N. Y. S. 2d 949, and cases cited.) It is just as true that the courts of this State have never refused to entertain jurisdiction in transitory actions over a foreign corporation in behalf of a resident of the State although the cause of action arose without it. (*Gregonis* v. *Philadelphia & Reading Coal & Iron Co., supra; Tullock* v. *Delaware, L. & W. R. R. Co.,* 147 App. Div. 524, affd. 205 N. Y. 576; General Corporation Law, § 224.)

The defendant is admittedly a foreign corporation. The tortious acts complained of concededly took place without the State of New York. The verified complaint alleges that the plaintiff is a resident of Ulster County in this State. It is the claim of the defendant that such is not true but that he is in fact a nonresident and also an alien seaman who could not have acquired a residence, thereby putting his first two causes of action and their alternates within the rule first above stated which would require a declination by the court to entertain jurisdiction of them. It undertakes to establish its contention by the affidavits of one of its counsel from which I quote:

" While the plaintiff does assert in the first paragraph of his complaint that he is a resident of the State of New York and County of Ulster, he not only is not one in fact but also because

his status as an alien seaman prohibits him from becoming one. Your deponent understands that the sole reason for the plaintiff's presence in Ulster County from the time of the institution of this action until the present is for the purpose of hospitalization. Such a presence is not sufficient to give the plaintiff the status of a resident of Ulster County. It does not entitle him either to assert or acquire any of the rights or privileges of a resident of that County.

" However, even if the presence of the plaintiff in Ulster County for the purpose of hospitalization could be construed to make him a resident of Ulster County under the Immigration Laws of the United States, his status as an alien seaman prevents him from acquiring a residence not only in Ulster County but anywhere in the United States. Under these circumstances the plaintiff is a non-resident no matter what his contention may be. * * *

" In addition while it is steadfastly maintained that the plaintiff is a resident of Ulster County, statements contained in the answering affidavit indicate clearly that the only purpose for the plaintiff's presence in Ulster County is hospitalization.

" At page 5 of the affidavit it is stated that the day following the defendant's alleged refusal to supply a letter guaranteeing the payment of the plaintiff's hospital bills, this suit was started. The affidavit then proceeds: ' Your deponent thereupon diligently searched for bed space for the plaintiff around New York City * * *.'

" It appears from this statement, if true, that suit was started before arrangements were made to enter the plaintiff in the Ulster County Tuberculosis Hospital. This and other statements in the affidavit clearly show that the plaintiff was not a resident of Ulster County at the time of the commencement of this action and that his presence then and now there is solely for the purpose of hospitalization."

There is nothing more in the movant's affidavits to support its claim. Obviously those allegations are conclusory and argumentative. They state no facts which tend to establish either the plaintiff's nonresidence or his alienage. (*Hurley* v. *Union Trust Co. of Rochester*, 244 App. Div. 590.) Assuming the latter they do not show any violation of the immigration law which it is claimed would prevent the acquisition of a residence in this State by him under the authority of *Monteiro* v. *St. Just S. S. Co., Ltd.* (211 App. Div. 867). In my opinion, the moving papers are insufficient to overcome the plaintiff's allegation of

residence in Ulster County. Hence, there can be no justification for a refusal to entertain jurisdiction of the action. (*Gregonis* v. *Philadelphia & Reading Coal & Iron Co., supra.*)

That phase of the defendant's motion which seeks a change of venue must be denied on both grounds which are claimed to justify the removal of the cause from Ulster County to New York County. In view of the conclusion which I have reached with respect to the residence of the plaintiff, Ulster County is the proper county for the trial. (Civ. Prac. Act, § 182.) Even if the plaintiff were a nonresident of the State as claimed by the defendant, it being a foreign corporation, the venue could properly be laid in any county of the State which the plaintiff might designate for that purpose in the title of his summons and complaint including Ulster County. (Civ. Prac. Act, § 182.) The defendant's contention that the plaintiff's failure to comply with rule 146 of the Rules of Civil Practice by serving an affidavit showing that the county which the defendant claims is the proper county, is not the proper one or that the county designated in the summons or complaint as the place of trial is the proper one, requires the granting of the motion is without merit. Failure of a plaintiff to serve such an affidavit only permits the defendant at his option to move for such change in accordance with the provisions of rule 63 of the Rules of Civil Practice. The plaintiff by his refusal or failure to serve such affidavit mentioned in the rule is not thereby precluded from contesting the merits of the claim for a change of venue. (Rules Civ. Prac., rule 146; *McDermott* v. *McDermott,* 267 App. Div. 171.)

The defendant's contention that the convenience of witnesses requires a change of venue is not satisfactorily established by the moving papers nor is there any showing that the ends of justice will be promoted thereby. (*Simpson* v. *Parkville Amusement Corp.,* 247 App. Div. 845; *Liebowitz* v. *Hudson Tr. Corp.,* 59 N. Y. S. 2d 313; *Roberge* v. *Millard,* 226 App. Div. 701; *Sanders* v. *Prescott,* 234 App. Div. 899; Civ. Prac. Act, § 187.)

The defendant seeks to strike out the third cause of action alleged in the complaint upon the ground that it fails to state facts sufficient to constitute a cause of action. The complaint alleges that cause of action as follows:

" Seventeenth: That apart from the implied duties of the defendant under the plaintiff's articles of agreement binding him to the vessel, on or about the 17th day of May, 1949, in the city of New York, the defendant stated and promised the plaintiff that it would indemnify him for his illness and injury and pay

the expenses of his maintenance and cure and wages until he was recovered.

" Eighteenth: That contrary to its promises aforesaid, on or about the 24th day of May, 1949, the defendant refused to enter the plaintiff into a hospital, or pay his expenses for his maintenance and care or his wages without justifiable cause and without any fault upon the plaintiffs' part thereby breaching its contract of employment with the plaintiff and its further agreement and promises as aforesaid, all to the plaintiffs' damage in the sum of Seventy Five Thousand Dollars ($75,000).

" Nineteenth: By reason of the foregoing, plaintiff is destitute and is daily incurring bills for his hospitalization and medical care."

It is claimed that such allegations set forth a cause of action in contract. I cannot agree. Such averments state no existing contract between the parties nor the terms of any. The most that can be said for them is that they allege an executory promise without consideration on the part of the defendant to indemnify the plaintiff for his illness and to pay him certain expenses and wages. Since it is indicated that the cause of action is based upon the breach of a contract of employment, what was the plaintiff required to do or to perform in return for the defendant's promises? There is no allegation that he was obliged to do anything. What consideration passed between the parties to support the contract? None is alleged. Was there performance or tender thereof by the plaintiff of the conditions precedent on his part to be performed? The complaint does not so state. It is apparent from an examination of the pleading that the essential allegations of an existing contract between the parties, its terms, the consideration therefor and the performance by the plaintiff of his obligations thereunder which are required to be pleaded to state a cause of action in contract are lacking. The plaintiff has alleged a *nudum pactum* and nothing more. (*Bogardus* v. *New York Life Ins. Co.*, 101 N. Y. 328; *Fulton* v. *Varney*, 117 App. Div. 572; *McCammon* v. *Kaiser*, 157 App. Div. 519.)

Under the policy of the courts in this judicial district with respect to the granting of preferences for the trial of causes I am constrained to deny the motion for a preference upon the showing here.

An order may be presented to me for signature granting the defendant's motion to strike out the third cause of action alleged in the complaint upon the ground that it fails to state facts suf-

ficient to constitute a cause of action with leave to the plaintiff, if he is so advised, to serve an amended complaint as to that cause of action within twenty days from the entry of the order herein and the service of a copy thereof with notice of entry, denying the defendant's motion requesting the court to refuse to assume jurisdiction of the action, denying the defendant's motion for a change of venue and denying the plaintiff's motion for a preference, all without costs.

The papers submitted upon the motion will be mailed to the attorney for the plaintiff.