734

■ In the Matter of the Probate of the Will of Oscar B. Cintas, Deceased. Josefina Tarafa, Appellant; Chase Manhattan Bank, Respondent.— Motion by the Chase Manhattan Bank to dismiss appeal granted, with $10 costs, unless the appellant procures the record on appeal and appellant's points to be served and filed on or before January 5, 1960, with notice of argument for the February 1960 Term of this court, said appeal to be argued or submitted when reached. Concur — Breitel, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■ American Surety Company of New York, Respondent, v. Frank Solomon, Defendant, and Samuel W. Paul, Appellant.— Order unanimously reversed on the facts and on the law and in the exercise of discretion, with $20 costs and disbursements to the appellant, and the motion to dismiss granted, with $10 costs. The plaintiff gives no explanation for its failure to take any affirmative action in this suit for 29 months. (See *Gallagher* v. *Clafington, Inc.,* 7 A D 2d 627.) However, leave is granted to the plaintiff to move to vacate the dismissal within 15 days after the service of the order herein, with notice of entry, upon a proper affidavit of merits and a sufficient reason to excuse the delay in prosecuting the action. Concur — Breitel, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■ American Surety Company of New York, Respondent, v. Frank Solomon, Defendant, and Samuel W. Paul, Appellant.— Appeal dismissed, having become academic by virtue of the decision of this court in *American Surety Co.* v. *Solomon* (9 A D 2d 734). Concur — Breitel, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■ Albert Fisher, Respondent, v. William V. Rothrum, Appellant.— Order unanimously reversed, on the facts, on the law, and in the exercise of discretion, with $20 costs and disbursements to the appellant, and the motion to change the venue from New York County to Onondaga County is granted, with $10 costs. In this action for personal injuries arising out of a motor vehicle accident, defendant appeals from an order which denied his motion to change the venue from New York County to Onondaga County. The accident occurred on February 4, 1958, on Route 281, in or near Tully, New York, County of Onondaga. The summons and complaint were served on June 18, 1958, and issue joined on July 24, 1958. The cause has not been noticed for trial. Eight witnesses, excluding the plaintiff and the defendant, were present at the time of the accident. Five of these reside in the County of Onondaga, as does the defendant. Plaintiff is a resident of New York County, although a student at Cornell University, Ithaca, New York, in the adjacent County of Tompkins. At the time of the accident, the other three witnesses, although residing elsewhere, namely, Hawaii, Canada and Ohio, were fellow students of the plaintiff at Cornell. One of the three is still a student in Ithaca. The general rule is that a transitory action such as this, all other things being equal, should be tried in the county in which the cause of action arose. (*Slavin* v. *Whispell,* 5 A D 2d 296.) When the preponderance of witnesses reside in the county where the accident occurred and the witnesses would be inconvenienced by a trial in the county in which the action is brought, the venue of such trial should be changed to the county wherein the accident occurred. Further, the ends of justice are usually promoted by the speedy trial of an action. (*Slavin* v. *Whispell, supra,* p. 299.) The Fourth Annual Report of the Judicial Conference of the State of New York (1959, pp. 182–183) shows New York County to be 21 months behind in the trial of personal injury causes while the trial docket of Onondaga County is current. Concur — Breitel. J. P., M. M. Frank, Valente, McNally and Stevens. JJ.