■ BLACKFRIARS REALTY CORP. et al., Respondents, v CARLTON H. ETTLINGER et al., Appellants.—Order, Supreme Court, New York County, entered April 27, 1976, denying a motion for a change of venue, unanimously reversed, on the law and in the exercise of discretion, and the motion granted, without costs or disbursements. The plaintiffs are New York corporations with principal offices in New York County. The defendants were employed to survey property in Staten Island in connection with prospective construction to be done there. The defendants allegedly were negligent in performance, giving rise to this malpractice suit. The action was commenced with designation of venue in New York County, based on

the location of the plaintiffs' principal offices there. The defendants applied at Special Term to change the venue to Staten Island, which motion was denied. We would reverse. The work done by defendants took place in Staten Island, where the property to be surveyed was located. Defendants' offices are also located in Staten Island. The witnesses proposed to be called by the defendants are located in Staten Island. Plaintiffs' reliance upon venue in New York County is based on the general rule that venue should be in the county in which one of the parties resided when the action was commenced (CPLR 503, subds [a], [c]). However, another rule regarding venue is that a transitory action, such as that of the case at bar, should be tried in the county in which the cause of action arose *(Slavin v Whispell,* 5 AD2d 296). This rule has been described as an "independent factor of great significance" (2 Weinstein-Korn-Miller, NY Civ Prac, par 510.17). Applying these rules to the case at bar, it would appear that the convenience of witnesses in this transitory action outweighs the mere fact that plaintiff corporations' principal offices are located in New York County. Concur—Murphy, J. P., Birns, Capozzoli and Lane, JJ.