■ RONALD SEABROOK et al., Respondents, v GOOD SAMARITAN HOSPITAL et al., Defendants, and WILLIAM H. BLOOM et al., Appellants.—Order, Supreme Court, New York County, entered on January 17, 1977 denying defendants-appellants' motion for change of venue to Suffolk County, unanimously reversed, on the law and in the exercise of discretion, and motion granted, without costs and without disbursements. This medical malpractice action arose in Suffolk County, in which county plaintiffs reside, as does a vast preponderance of the nonparty witnesses. "The general rule is that a transitory action, such as this, other things being equal, should be tried in the county in which the cause of action arose." (Slavin v Whispell, 5 AD2d 296, 297-298.) The language "other things being equal" refers to the number of witnesses residing in the counties opted for by the litigants. If, as in the case at bar, the county with the preponderance of witnesses is the county in which the cause of action arose, venue should be therein placed. (2 Weinstein-Korn-Miller, NY Civ Prac, par 510.17, p 5-139.) The convenience of witnesses in this action far outweighs the "mere fact" that one of the defendants resides in New York County. (Blackfriars Realty Co. v Ettlinger, 56 AD2d 826.) Concur—Murphy, P. J., Kupferman, Evans, Capozzoli and Lane, JJ.

■ MAE L. SIMONE, Respondent, v MAX PESKIN ELECTRIC CORP. et al., Appellants.—Interlocutory judgment, Supreme Court, New York County, entered in favor of plaintiff on the issue of liability, on October 22, 1976, after trial before Spiegel, J., and a jury, unanimously affirmed, with $60 costs and disbursements to respondent. This case presents a classic fact question for the jury as to which side to this litigation went through a red light. We find nothing in the court's rulings or charge which would warrant setting aside the verdict rendered herein. Concur—Murphy, P. J., Kupferman, Evans, Capozzoli and Lane, JJ.

■ WILLIAM LEVI, Respondent, v AVIS RENT-A-CAR SYSTEM, INC., Defendant and Third-Party Plaintiff. AMERICAN MOTORS CORPORATION et al., Third-Party Defendants-Appellants.—Two orders, Supreme Court, New York County, each entered September 24, 1976, granting plaintiff's motions for protective orders, are unanimously reversed, on the law, the facts, and in the exercise of discretion, and the motions for protective orders are denied. Appellants shall recover of respondent $40 costs and disbursements of this appeal. There has been a sufficient showing of "special circumstances" within the meaning of CPLR 3101 (subd [a], par [4]) to permit examination of the nonparty witnesses. One of the nonparty witnesses is the only independent eyewitness to the accident; the other is the personnel manager of the company which employed plaintiff as executive vice-president. Plaintiff claims that as a result of the accident his employment was terminated and he lost earnings of $757,000. Both nonparty witnesses apparently possess unique and exclusive knowledge of material facts. Concur—Lupiano, J. P., Birns, Silverman and Markewich, JJ.