■ DOMENICK KUCICH, Individually and as Administrator of the Estate of LAWRENCE J. KUCICH, Deceased, Appellant, v MICHAEL LEIBOWITZ et al., Respondents.—Appeal from so much of an order of the Supreme Court at Special Term, entered December 28, 1977 in Greene County, as granted defendant Loiacono's motion for a change of venue from Greene County to Erie County. This wrongful death action arises out of an accident which occurred in the Town of Colden, Erie County, when the vehicle in which plaintiff's intestate was a passenger collided with a vehicle owned and operated by defendant Loiacono. After commencement of the action in Greene County where plaintiff and his intestate resided, defendant Loiacono, a resident of Erie County, moved for a change of venue to Erie County on the ground that the convenience of the witnesses and the ends of justice will be promoted by the change. The affidavit submitted by Loiacono's attorney stated the names and substance of the testimony expected to be elicited from prospective material witnesses who reside in Erie County. These include two persons who were passengers in Loiacono's vehicle and witnessed the accident; the Deputy Sheriff of Erie County who investigated the accident; a witness who examined the damage to Loiacono's car shortly after the accident; and six attending physicians who treated plaintiff's intestate at a hospital in Erie County where the hospital records were located. Plaintiff in his opposing papers did not cite to any material witnesses other than those listed by Loiacono but contended that the ends of justice would not be promoted by the change because of the court congestion in Erie County. Special Term concluded that since plaintiff did not list any material witnesses who were residents of Greene County, Loiacono's motion should be granted. CPLR 510 (subd 3) provides that venue may be changed where the convenience of material witnesses and the ends of justice will be promoted by the change. This appeal presents a conflict between the general rule that a transitory cause of action, all other things being equal, should be tried in the county in which it arose *(Slavin v Whispell,* 5 AD2d 296, 297-298) and the general rule that absent special circumstances venue will not be changed from a rural county to an urban county because the ends of justice are served by a speedy trial *(Roberge v Millard,* 226 App Div 701, 702). Plaintiff places heavy reliance upon *Edwards v Lamberta* (42 AD2d 1003) where Special Term's denial of a motion to change venue from St. Lawrence County to Suffolk County, where the accident occurred and where all of the witnesses familiar with the accident resided, was affirmed by this court. Relying on the fact that we live in a mobile society and that there was a 32-month trial delay in Suffolk County, as compared to only six months in St. Lawrence County, we held that Special Term had not abused its discretion in denying the motion. In the case at bar, plaintiff's attorney alleged in an opposing affidavit sworn to on October 11, 1977 that he was advised by an administrator of the Judicial Conference that the projected average of civil actions reached for trial in the Supreme Court, Erie County,

had been on the calendar for 36 months. Plaintiff's attorney also stated that in Greene County his case could have been tried at the latest during the April 1978 Trial Term. A motion under CPLR 510 (subd 3) is addressed to the sound discretion of the court whose determination will not be disturbed on appeal unless it is clearly shown to be an abuse of discretion *(Edwards v Lamberta, supra)*. While the rule favoring venue in rural counties where speedy trials can be had is an important factor, it is not controlling and may be disregarded where other considerations outweigh it. Here, the material witnesses all reside in Erie County. The convenience of the law enforcement official *(Chung v Kivell,* 57 AD2d 790) and the treating physicians *(Hilgers v Hyde,* 6 AD2d 963, 964) is a particularly strong consideration weighing in favor of venue in Erie County. Further, a change of venue is in the interest of justice because Erie County is where the transitory action arose *(McComb v Hilton Hgts. Apts.,* 43 AD2d 972). Since there are strong factors supporting Special Term's exercise of its discretion, it should not be disturbed. Lastly, we have examined plaintiff's other contention and find it to be without merit. Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Herlihy, JJ., concur.