■ WALTER C. LUNDGREN, Respondent, v LOVEJOY, WASSON, LUNDGREN AND ASHTON, et al., Appellants. — In an action, *inter alia,* for an accounting, defendants appeal from an order of the Supreme Court, Westchester County (Gurahian, J.), entered January 12, 1981, which denied their motions, pursuant to CPLR 510 (subd 3), to change the venue of this action to New York County. Order reversed, without costs or disbursements, and defendants' motions for a change of venue granted. The determination of these motions involves a balancing of many factors (see *McComb v Hilton Hgts. Apts.,* 43 AD2d 972). The convenience of the parties, their employees and members of their families are excluded from consideration in determining a motion under CPLR 510 (subd 3) (see *Wilson v Winco Estates,* 266 App Div 795). The convenience of witnesses residing outside the respective counties (New York and Westchester) are also not considered (see *Slavin v Whispell,* 5 AD2d 296). Accordingly, in this case the convenience of witnesses is not an issue. This transitory action, all things being equal, should be tried in New York County, where the cause of action arose (see *Kucich v Leibowitz,* 68 AD2d 1002). The circumstance that the examination of records necessarily involved in this action will be expedited by changing the place of trial to New York County is a material factor to be considered (7 Carmody-Wait 2d, NY Prac, § 48:49; *Latham v Father Divine,* 276 App Div 824; *Patten Cut Stone Co. v Jones,* 215 App Div 753). While plaintiff argues that due to his advanced age venue should not be changed, he has not submitted any medical affidavits demonstrating that he is not in good health or is suffering from any disability (see *Foley v Phelps,* 257 App Div 896). Damiani, J.P., Gulotta, O'Connor and Thompson, JJ., concur.