■ ALICE RODZIEWICZ, Respondent, v DORFGOOD REALTY CO., INC., Appellant. — Order, Supreme Court, New York County (Gomez, J.), entered October 19, 1981, denying defendant's motion to change the venue from New York County to Richmond County, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, and the motion granted. Plaintiff, a tenant in a Richmond County apartment building owned and managed by defendant, alleges that on May 11, 1980, at about 5:00 A.M., an unapprehended stranger entered her apartment and assaulted and raped her. She alleges her assailant entered through a previously broken bathroom window, which defendant had failed to repair despite plaintiff's repeated complaints. In December, 1980 plaintiff served a verified complaint designating New York County as the place of venue, premised upon the fact that defendant, according to its certificate of incorporation, had its principal office in New York County. Defendant's prior motion to change the venue under CPLR 510 (subd 1) was properly denied because defendant was a resident of New York County, making New York County proper for venue purposes (CPLR 503, subds [a], [c]). The motion was denied with leave to move pursuant to CPLR 510 (subd 3). This appeal is from the denial of defendant's motion made under that section on the ground that "the convenience of material witnesses and the ends of justice will be promoted by the change." "The general rule is that a transitory action, such as this, other things being equal, should be tried in the county in which the cause of action arose * * * If a large preponderance of witnesses reside in a different locality, then a venue other than that wherein the cause of action arose may be indicated." (*Slavin v Whispell,* 5 AD2d 296, 297-298; *Blackfriars Realty Corp. v Ettlinger,* 56 AD2d 826.) "If, as in the case at bar, the county with the preponderance of witnesses is the county in which the cause of action arose, venue should be therein placed." (*Seabrook v Good Samaritan Hosp.,* 58 AD2d 538.) Here the action arose in Richmond County; plaintiff resides in Richmond County; she filed a complaint with the local police precinct; she was treated at a Richmond County hospital; defendant's sole

place of business is in Richmond and at least four material witnesses reside in Richmond. Defendant named eight prospective witnesses, spelling out the materiality of the testimony of each. Four of them reside in Richmond County. The other four are employees of the hospital in Richmond, but their home addresses were not set forth because the United States Public Health Service declined to release that information without a subpoena. Thus, defendant has met the standard set forth in the statute and case law. Plaintiff does not refute defendant's assertions, relying only on the facts that plaintiff, a resident of Richmond County, works in New York County, and that two of defendant's Richmond-based witnesses have signed affidavits indicating that a trial in New York County would not inconvenience them. This is not sufficient to overcome the demonstration made by defendant entitling it to a transfer to Richmond County (CPLR 510, subd 3). Concur — Murphy, P. J., Ross, Lupiano, Fein and Lynch, JJ.