■ HAROLD A. RAY, Respondent, v WILLIAM A. BEAUTER et al., Appellants. — Order unanimously reversed, with costs, and motion granted. Memorandum: This cause of action for alleged misappropriation of corporate funds, embezzlement, conversion and breach of contract clearly arose in Monroe County. The action was commenced by plaintiff, in his individual name as sole stockholder of the corporation, in the county of his residence, Herkimer County. Defendant moved for a change of venue which Special Term denied. This was an abuse of discretion. In their motion seeking a change of venue, defendants set forth the names and addresses of some 32 witnesses who would testify at the trial, with a brief summary of what this testimony would entail. These witnesses reside primarily in or very near Monroe County. While the testimony of many of these witnesses would appear to be cumulative, this is not true of all of defendants' witnesses. By contrast, the record indicates that plaintiff's evidence will come from his own testimony and his business records, which he claims are voluminous and located in Herkimer County. The CPLR provides that the court may change the place of trial when "the convenience of material witnesses and the ends of justice will be promoted by the change" (CPLR 510, subd 3). In resolving venue disputes some general principles have evolved. Cases should ordinarily be tried where the cause of action arose (*Kucich v Leibowitz,* 68 AD2d 1002, citing *Slavin v Whispell,* 5 AD2d 296, 297-298; *Chung v Kivell,* 57 AD2d 790), in the less congested forum (*Kucich v Leibowitz, supra; Fisher v Rothrum,* 9 AD2d 734), and where a majority of material witnesses reside (*Seabrook v Good Samaritan Hosp.,* 58 AD2d 538; *McComb v Hilton Hgts. Apts.,* 43 AD2d 972), excluding witnesses who are parties, relatives and employees of parties, or experts (*Palmer v Chrysler Leasing Corp.,* 24 AD2d 820; *Gerber v B. C. R. Hotel Corp.,* 10 AD2d 956). Not infrequently, these guidelines will point to different forums. In such a case, the overriding consideration is usually the location of the principal nonparty witnesses, particularly if this location is where the cause of action arose (*Wilson v Sponable,* 77 AD2d 799; *Kucich v Leibowitz, supra; Seabrook v Good Samaritan Hosp., supra*). Plaintiff has failed to demonstrate any consideration which would favor Herkimer County as the proper place of venue in this action. (Appeal from order of Supreme Court, Herkimer County, Davis, J. — change of venue.) Present — Simons, J. P., Callahan, Doerr, Boomer and Moule, JJ.