■ KENNETH MEIER, Respondent, v FORD MOTOR COMPANY, Appellant. — Order, Supreme Court, New York County (Ryp, J.), dated July 15, 1982 granting reargument, and upon reargument, adhering to original decision as to change of venue, is unanimously reversed, on the law and the facts, and in the exercise of discretion, with costs to defendant-appellant; defendant's motion to change the venue of this action to Putnam County is granted and the venue changed accordingly; plaintiff's cross motion to change the venue to Kings County is denied. Appeal from order, Supreme Court, New York County (Ryp, J.), entered February 25, 1982 changing the venue of this action to Supreme Court, Kings County, is unanimously dismissed, without costs, said order having been superseded by the order dated July 15, 1982. The accident in this case took place in Putnam County. At the time plaintiff was a resident of Putnam County. Substantially all the witnesses on the issue of liability reside in or near Putnam County. After the accident, plaintiff was treated at a hospital in Putnam County. The only connection with New York County is that defendant, a foreign corporation, has its statutory office in New York County. Plaintiff says that he later had medical treatment in New York and is now being treated and resides in Ohio. Plaintiff also says that he intends to call unnamed experts in advertising and marketing. Plaintiff fails to name a single witness that he intends to call that resides in New York County or to state the testimony of any such witness. If, as plaintiff contends, his speeding was caused by reliance on defendant's advertising, it is difficult to see what these unnamed experts on advertising and marketing could add to a reading of the advertisements themselves. " 'The general rule is that a transitory action, such as this, other things being equal, should be tried in the county in which the cause of action arose.' (*Slavin v Whispell*, 5 AD2d 296, 297-298.) * * * If, as in the case at bar, the county with the preponderance of witnesses is the county in which the cause of action arose, venue should be therein placed." (*Seabrook v Good Samaritan Hosp.*, 58 AD2d 538; accord *Rodziewicz v Dorfgood Realty Co.*, 88 AD2d 565.) The only connection that Kings County has with the action is that there is another action arising out of the same accident pending in Kings County. Plaintiff suggests that the transfer to Kings County was "for consolidation." But there was no motion or order for consolidation or joint trial. And on the facts, bearing in mind how near the Kings County action is to trial, it is by no means clear that a motion for consolidation or joint trial would be granted. Concur — Kupferman, J. P., Asch, Silverman, Bloom and Kassal, JJ.