■ BOHLEN INDUSTRIES OF NORTH AMERICA, INC., et al., Respondents, v FLINT OIL & GAS, INC., et al., Appellants. — Order, Supreme Court, New York County (George Bundy Smith, J.), entered June 1, 1982, denying defendants' motion for change of venue to Erie County, is reversed, on the law and the facts, and in the exercise of discretion, and the motion is granted, and the venue of the action is changed to Erie County, without costs. This is an action by limited partners against the general partner Flint Oil & Gas, Inc., a corporation, and against the officers of the defendant general partner and against a certain other corporation, complaining of alleged misconduct, breach of fiduciary obligation, etc., by the general partner, in particular that the general partner has failed to contribute to the partnership certain assets, particularly leaseholds in Erie County, and that the general partner proposed to engage in certain transactions in claimed violation of the rights of plaintiffs limited partners. The partnership is apparently engaged primarily in natural gas drilling. The action was begun in New York County. All the plaintiffs except the corporate plaintiff Bohlen Industries of North America, Inc., are residents of West Germany, or in one case, a West German corporation with its principal place of business in West Germany. Plaintiff Bohlen Industries of North America, Inc., is alleged to be a New York corporation with its principal place of business in the City and County of New York. The defendants, to the extent that they have a connection with the State of New York, seem to be located primarily in Erie County. Thus the general partner Flint Oil & Gas, Inc., is a New York corporation with its principal place of business in Buffalo; the three individual defendants are officers of Flint. Defendant Templeton Energy, Inc., which is not a partner, is a Delaware corporation with its principal place of business in Texas. The certificate of limited partnership is filed with the clerk of Erie County. The gas leaseholds, which are the principal subject of dispute, are in Erie County. Defendants allege that substantially all prospective nonparty witnesses reside in Erie County or very close thereto. They give the names of such prospective witnesses and indicate the subject matter of their testimony, though not what they will say. There is no indication that there is any material witness located or residing in or near New York County. Plaintiffs have apparently submitted no papers in opposition to the motion for change of venue. "The general rule is that a transitory action * * * other things being equal, should be tried in the county in which the cause of action arose." (*Slavin v Whispell,* 5 AD2d 296, 297-298; *Blackfriars Realty Corp. v Ettlinger,* 56 AD2d 826, 827.) "The language 'other things being equal'

refers to the number of witnesses residing in the counties opted for by the litigants. If, as in the case at bar, the county with the preponderance of witnesses is the county in which the cause of action arose, venue should be therein placed." (*Seabrook v Good Samaritan Hosp.*, 58 AD2d 538; *Rodziewicz v Dorfgood Realty Co.*, 88 AD2d 565.) Insofar as this action, based to some extent on failure to do certain things, can be said to have arisen in a particular county, that county is Erie. It is apparent that the ties of this action are primarily to Erie County; that the action has almost no ties to New York County; and that "convenience of material witnesses and the ends of justice will be promoted by the change" of venue from New York County to Erie County. (CPLR 510, subd 3.) In addition, there is at least a substantial argument that insofar as there is a dispute as to whether certain leaseholds in Erie County are properly assets of the partnership, this action may be deemed to be one "in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property" in Erie County. (CPLR 507.) Concur — Kupferman, J. P., Carro, Silverman, Fein and Kassal, JJ.