■ KATHERINE O'LEARY, as Administratrix of the Estate of KEVIN O'LEARY, Deceased, Respondent, v DANIEL HULL et al., Appellants. — Order of Supreme Court, Bronx County (Anthony J. Mercorella, J.), entered on December 15, 1983, which granted reargument of defendant-appellant's motion to change venue of the within action from Bronx County to Erie County and upon reargument vacated its decision of August 8, 1983, and denied said motion for a change of venue, is reversed, on the law and the facts, and in the exercise of discretion, without costs, and the order of said court entered on September 14, 1983, granting the motion to change venue from Bronx County to Erie County is reinstated. ¶ This wrongful death action arose in Erie County when plaintiff's intestate Kevin O'Leary was struck and killed by an automobile owned by defendant Daniel Hull and operated by defendant James Hull. Special Term initially correctly determined that because the greater number of material witnesses live and work in Erie County, and the only person with any connection with Bronx County was the plaintiff administratrix of the decedent's estate, the convenience of material witnesses and the ends of justice would best be served by a change of venue to Erie County. ¶ The fact that the plaintiff administratrix is aged and suffers from a persistent angina condition of the heart, but is otherwise in fairly good health, is an insufficient basis upon which to ground a departure from the general rule that, other things being equal, a transitory action should be tried in the county where the action arose (*Slavin v Whispell,* 5 AD2d 296; *Meier v Ford Motor Co.,* 93 AD2d 729). As we recently said in *Meier (supra),* " ' "The general rule is that a transitory action, such as this, other things being equal, should be tried in the county in which the cause of action arose." (*Slavin v Whispell,* 5 AD2d 296, 297-298.) * * * If, as

in the case at bar, the county with the preponderance of witnesses is the county in which the cause of action arose, venue should be therein placed.' (*Seabrook v Good Samaritan Hosp.*, 58 AD2d 538; accord *Rodziewicz v Dorfgood Realty Co.*, 88 AD2d 565.)" Concur — Murphy, P. J., Carro, Silverman and Alexander, JJ. Lynch, J., dissents and would affirm.