■ ERIKA B. BRUNNER, Respondent, v FLORENCE JOUBERT, Defendant, and GENERAL MOTORS CORPORATION (PONTIAC MOTORS), Appellant.—Order, Supreme Court, New York County (Alfred F. Samenga, J.), entered October 2, 1985, denying defendant General Motors' motion for a change of venue from New York to Nassau County, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs or disbursements, and the motion granted.

This is an action to recover damages for personal injuries sustained in an accident which occurred in Nassau County when defendant Joubert lost control of the vehicle she was driving and the car, a General Motors product, ran off the road, striking plaintiff, a resident of Queens. The complaint alleges causes of action in negligence, breach of warranty and strict liability. Plaintiff claims that the Joubert car was negli-

gently and improperly designed, manufactured, tested and marketed by General Motors. Venue was placed in New York County solely on the basis of a place of business maintained there by General Motors. After service of an answer, General Motors moved pursuant to CPLR 510 (3) for a change of venue to Nassau County for the convenience of witnesses and the promotion of the ends of justice. The affidavits in support of the motion listed the numerous witnesses General Motors intended to call who live or work in Nassau County, the relevant documents located there, and the significant nexus between the action and that county. Finding "no significant preponderance of factors" to warrant a change of venue, Special Term denied the motion. We reverse.

Unless there are cogent reasons to direct otherwise, ordinarily the venue of a transitory action should be in the county where the cause of action arose. (*Chung v Kivell,* 57 AD2d 790; *accord, O'Leary v Hull,* 101 AD2d 741; *Chaewsky v Siena Coll.,* 100 AD2d 753; *Meier v Ford Motor Co.,* 93 AD2d 729.) Although commenced in New York County, this action bears no connection to that county, other than the fortuity that General Motors has a place of business there. The accident occurred in Nassau County; all the eyewitnesses to the accident live or work in Nassau County; plaintiff was taken to a Nassau County hospital for treatment immediately following the accident; the accident was investigated by Nassau County police; and the vehicle was initially inspected in Nassau County. Moreover, none of the witnesses named by plaintiff who live outside Nassau County resides in New York County, although one of them works there. Thus, where, as here, the county with the preponderance of witnesses is the county in which the cause of action arose, venue should be placed there. (*See, Seabrook v Good Samaritan Hosp.,* 58 AD2d 538.)

Special Term was apparently persuaded by plaintiff's argument that the convenience of her witnesses who reside outside Nassau County would best be served by a trial in New York County. Four of these witnesses, however, are family members. It is well settled that the convenience of the immediate family members of a party is not a factor to be considered on a motion for a change of venue. (*See, e.g., Miller v Beck,* 82 AD2d 912; *Lundgren v Lovejoy, Wasson, Lundgren & Ashton,* 82 AD2d 912.) Moreover, none of the witnesses identified by plaintiff is expected to testify to the circumstances surrounding the accident and the condition of the vehicle. "[T]he convenience of witnesses who can testify on the issue of liability is to be preferred over the convenience of those who

can testify only on the question of damages." *(Bernstein v McKane,* 3 AD2d 764, 765; *cf. Wecht v Glen Distribs. Co.,* 112 AD2d 891.)

The motion is granted. Concur—Kupferman, J. P., Sullivan, Ross, Kassal and Rosenberger, JJ.