■ LAURENCE B. MOLLOY, JR., et al., Appellants, v W. F. MCCOY PETROLEUM PRODUCTS, INC., et al., Defendants, and LINDA W. LI et al., Respondents.—Order of the Supreme Court, New York County (Francis Pecora, J.), entered on December 28, 1988, which granted the motion of defendants-respondents Linda W. Li and K. C. Li to transfer venue from New York County to Suffolk County, unanimously reversed, on the law, the facts and in the exercise of discretion, and the motion denied, without costs.

The plaintiffs-appellants occupied residential real property located in Suffolk County pursuant to a series of written leases with the defendants-respondents, commencing in 1984. In 1986, appellants vacated the premises. According to the complaint, the premises were contaminated by airborne asbestos fibers, and plaintiffs seek damages for exposure.

Defendants-respondents moved to transfer venue of this transitory action to Suffolk County, pursuant to CPLR 510 (3). No other defendant joined in this motion. Only one nonparty witness has been identified as likely to be called. This witness has expressed a willingness to testify in New York County, and the motion court stated that the nonparty witness would not be inconvenienced if trial were held in New York.

The motion court based its decision on the rule that, all things being equal, transitory actions should be tried in the county in which they arose. *(Brunner v Joubert,* 118 AD2d 424.)* However, in *Moghazeh v Valdes-Rodriguez* (151 AD2d

428), this court iterated that the purpose of the transitory action rule is to accommodate the convenience of witnesses. Under the circumstances, plaintiffs' choice of venue in their county of residence should not have been disturbed. Concur— Murphy, P. J., Carro, Rosenberger, Asch and Rubin, JJ.