■ PORT BAY ASSOCIATES, Respondent, v SOUNDVIEW SHOPPING CENTER et al., Appellants. (Appeal No. 1.) [602 NYS2d 463] —Order unanimously affirmed without costs. Memorandum: In this landlord-tenant dispute concerning the interpretation of the payment terms of a lease, defendants appeal from two orders, each of which denied defendants' motion to change the venue of the action from Onondaga County to Nassau County. The court did not err in denying the first motion pursuant to CPLR 507. Plaintiff's lawsuit does not demand a judgment that "would affect the title to, or the possession, use or enjoyment of," *(ibid.)* the subject real property, and thus is not a "local" action that must be brought in Nassau, the situs County *(cf., Weinstein Enters. v Great Atl. & Pac. Tea Co.,* 112 AD2d 219, 220).

The court erred in denying defendants' second motion pursuant to CPLR 510 (3), which sought to change venue on the ground that the "convenience of material witnesses and the ends of justice will be promoted by the change". In support of their motion, defendants identified at least 12 nonparty witnesses whose testimony will bear on the material issues in the case and whose convenience will be served by a transfer of venue to Nassau County *(cf., Cardona v Aggressive Heating,*

180 AD2d 572; *Katz v Goodyear Tire & Rubber Co.,* 116 AD2d 506, 507; *Hurlbut v Whalen,* 58 AD2d 311, 316, *lv denied* 43 NY2d 643). Most of those witnesses are State and local governmental officials, whose convenience is of paramount importance on a motion pursuant to CPLR 510 (3), because they "should not be kept from their duties unnecessarily" *(McComb v Hilton Hgts. Apts.,* 43 AD2d 972).

In opposition to the motion, plaintiff identified six witnesses whose convenience would be served by trial in Onondaga County. Of the witnesses identified by plaintiff, one lives in Florida. The convenience of nonresidents is of subordinate concern under the statute *(see, Arnold Constable Corp. v Staten Is. Mall,* 61 AD2d 826, 827). More importantly, five of the six witnesses had a current or former contractual relationship with plaintiff. The convenience of the parties, or that of their agents, employees and others under their control, carries little if any weight on a motion pursuant to CPLR 510 (3) *(see, Katz v Goodyear Tire & Rubber Co., supra).* Plaintiff's sixth proposed witness is a State official who lives in Albany. Because Albany is only slightly closer to Syracuse than to Mineola, her convenience does not appear to be a major factor. In any event, the parties' submissions establish that she is physically incapacitated and thus unable to travel to testify.

Apart from the convenience of the witnesses, other considerations favor a change of venue to Nassau County. Other than the fact that three of plaintiff's five partners reside in Onondaga, this case has no connection with that forum. The contract was negotiated and executed in Manhattan. The subject of the contract is the long-term lease of property situated in Nassau County; the contract thus contemplates performance by both parties in Nassau County. Because plaintiff's action includes a claim for breach of contract, Nassau County is where the claim arose, and, all other things being equal, that is where the case should be tried *(see, Katz v Goodyear Tire & Rubber Co., supra; see generally, Bohlen Indus. v Flint Oil & Gas,* 95 AD2d 753, 753-754). (Appeal from Order of Supreme Court, Onondaga County, Pooler, J.—Change of Venue.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.