■ RUTH N. HENRY, Individually and as Executrix of GORDON HENRY, Deceased, Respondent-Appellant, v JOHN C. VAN SCOTER, Individually and as Executor of FLORENCE L. VAN SCOTER, Deceased, Appellant-Respondent. [607 NYS2d 759] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: We modify the order to grant defendant's cross motion for a change of venue to Chautauqua County pursuant to CPLR 510 (3). "[T]he convenience of material witnesses and the ends of justice will be promoted by the change" (CPLR 510 [3]). Defendant established that all the relevant transactions occurred in Chautauqua County, the items in dispute were located in that county and material non-party witnesses resided in that county. The assertion, without medical affidavits, that plaintiff had a serious physical illness that would prevent her from attending trial in Chautauqua County was not sufficient reason to retain venue in Cayuga County, which had no ties to the action (see, Lundgren v Lovejoy, Wasson, Lundgren & Ashton, 82 AD2d 912). The court, therefore, should have granted the cross motion for a change of venue (see, Unifirst Corp. v Gaslin, 166 AD2d 930; Ray v Beauter, 90 AD2d 988).

We affirm that part of the order that denied plaintiff's motion for summary judgment. Issues of fact exist whether decedent Florence L. Van Scoter, while living, made a valid inter vivos gift, whether that alleged gift was absolute, and if not absolute, whether it was revoked. (Appeals from Order of Supreme Court, Cayuga County, Corning, J.—Partial Summary Judgment.) Present—Pine, J. P., Balio, Fallon, Doerr and Davis, JJ.