■ EMMA LEWANDOWSKI et al., Appellants, v. CHARLES AMBROSETTI et al., Respondents.— In an action to recover damages for personal injuries, plaintiffs appeal from an order of the Supreme Court, Queens County, dated April 29, 1968, which granted defendants' motion to change the place of trial of the action from the County of Queens to the County of Orange, upon the ground that the convenience of material witnesses and the ends of justice will be promoted thereby. Order reversed, on the law and the facts, with $10 costs and disbursements, and motion denied. In our opinion, the moving papers failed to set forth the factual showing required to invoke the court's discretion (cf. Supplementary Practice Commentary on CPLR 510 in McKinney's Cons. Laws of N. Y., Book 7B, CPLR 501-2200). Upon the record presented, (a) defendants failed to justify the grounds of convenience of witnesses and ends of justice because their moving papers did not set forth, as required, an affidavit of merits and a showing of what was expected to be proved by the witnesses named (the police officer and St. Luke's Hospital) and the necessity and materiality of the testimony to be given by them; (b) the preponderance and character of plaintiffs' material witnesses (the two Queens physicians and plaintiff Anthony's Brooklyn employer) indicate that the convenience of witnesses and the ends of justice would best be served by keeping the trial in Queens County where these witnesses could more easily attend trial than in Orange County; and (c) defendants failed to establish, as required (CPLR 510, subd. 3), that the convenience of witnesses and the ends of justice woud be served by a change of venue. Christ, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ FRANCIS McDONNELL, Respondent, v. SIR PRIZE CONTRACTING CORPORATION et al., Appellants.— In a holdover proceeding to recover possession of a dwelling apartment, the tenant and undertenants appeal, by permission, from an order of the Appellate Term, Second and Eleventh Judicial Districts, dated December 20, 1968, which affirmed a final judgment of the Civil Court of the City of New York, County of Queens, dated March 20, 1968, in favor of the landlord. Order and final judgment reversed, on the law and the facts, without costs, and petition dismissed, without costs. This determination is without prejudice to such application as the landlord may choose to make under sections 54 or 59 of the New York City Rent, Eviction and Rehabilitation Regulations. In our opinion, the landlord failed to establish that the violation in question can be removed only by eviction of the tenant and undertenants or that compliance with the legal requirements would be unduly burdensome or economically improvident (*Matter of K & G Co. v. Reyes*, 52 Misc 2d 606, 609; *Grier v. Fenty*, 13 Misc 2d 542, 543; *H.I.M. Props. Corp. v. Gross*, 6 Misc 2d 666, 668; *H. Casabianca, Inc. v. Connobbio*, 205 Misc. 380, 383-384). There is no dispute that the tenant and undertenants did not create the condition which caused the violation (*816 Fifth Ave. v. Purdy*, 127 N. Y. S. 2d 695, 696.) It is also our opinion that the landlord's good faith in seeking eviction under subdivision c of section 52 of the New York City Rent, Eviction and Rehabilitation Regulations is a matter of relevant inquiry. Subdivision b of section 51 of the Regulations prohibits an attempt to remove a tenant because he has taken action authorized by the Rent Law or the regulations. Subdivision c of section 52 may not be used as a pretext for doing what subdivision b of section 51 forbids. Christ, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.