■ HARLAN BEARDSLEY, as Guardian of DARYL BEARDSLEY, an Infant, et al., Appellants, v. WYOMING COUNTY COMMUNITY HOSPITAL et al., Respondents. — Order unanimously affirmed, without costs. Memorandum: Since all the parties reside in Wyoming County and the injury to the infant plaintiff occurred there, that is the proper place for the trial. Plaintiffs brought the action in Erie County. Although defendant County Hospital had the right under CPLR 504 to have venue transferred to Wyoming County, it failed to move to enforce that right. The individual defendants served timely demand on plaintiffs for change of venue to Wyoming County, but they failed to move under CPLR 510 (subd. 1) and CPLR 511 (subd. [b]) within 15 days thereafter, their motion being made two or three days beyond such period. Plaintiffs cross-moved to retain venue in Erie County on the grounds of CPLR 510 (subds. 2, 3) to wit, that an impartial trial cannot be had in Wyoming County and the convenience of witnesses will be promoted by trial in Erie County. Because of the failure of defendants to act timely, their motion is addressed to the reasonable discretion of the court, as is plaintiffs' cross motion. It is basic decisional law that the place of the tort is a primary consideration in determining venue (*Vitti* v. *Case,* 285 App. Div. 857; 7 Carmody-Wait 2d New York Practice, § 48:49; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 510.17) and that a rural county is favored as against an urban county (*Sesan* v. *American Home Prods. Corp.,* 35 A D 2d 665; 7 Carmody-Wait 2d, New York Practice, § 48:51; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 510:18). In addition, with respect to convenience of witnesses the question of venue is largely a matter of discretion for the trial court and in the absence of a clear showing of abuse of that discretion, the order should not be disturbed (*Bult* v. *Kornspan,* 37 A D 2d 672; *Palmer* v. *Chrysler Leasing Corp.,* 24 A D 2d 820; *Althiser* v. *Richmondville Creamery,* 13 A D 2d 162, 164). There is no merit to plaintiffs' contention that a fair trial cannot be had in Wyoming County, and we find no reason to disturb the discretion exercised by Special Term in this case. We note, moreover, that the time provisions of CPLR 511 (subd. [b]) are directory only, and in a case where neither party resides in the county of designated venue a motion for change of venue to the county wherein the parties reside and the tort occurred, made after the 15-day period, may be granted

by the court without further showing (*Goldfeder* v. *Greenberg*, 189 App. Div. 184; *Purcell* v. *WTRY Broadcasting Corp.*, 43 Misc 2d 172). (Appeal from order of Erie Special Term changing venue of negligence action). Present — Goldman, P. J., Witmer, Moule, Cardamone and Simons, JJ.