■ JEROME WILSON, an Incompetent, by His Committee, MARY W. HALL, et al., Respondents, v ROBERT SPONABLE, as Sheriff of Cayuga County, Appellant.—Order unanimously reversed, without costs, and defendant's motion granted. Memorandum: The venue for this negligence action which arose in Cayuga County was placed in Monroe County, where plaintiff (Jerome Wilson) resides and his committee was appointed (CPLR 503, subds [a], [b]). Defendant moved to change venue to Cayuga County because he was

sued as Sheriff of that county (CPLR 504). Plaintiffs cross-moved to retain venue in Monroe County, arguing that an impartial trial could not be had in Cayuga County, that the convenience of his medical witnesses who reside in Monroe County would best be served if the trial were held there, and that Wilson's mental and physical disabilities mandate that venue remain in Monroe County (CPLR 510, subds 2, 3). Defendant then cross-moved to place venue in Cayuga County on the grounds that it is the only proper county for trial, that the ends of justice and the convenience of material witnesses would be promoted thereby, and that no proper showing has been made by plaintiffs warranting any other conclusion (CPLR 510, subds 1, 3). Special Term correctly ruled that defendant, as Sheriff of Cayuga County, is an officer of that county (County Law, § 400, subd 1), and that Cayuga County is a proper county of venue under CPLR 504, which prevails over the general residence venue provisions of CPLR 503, and that plaintiffs failed to establish that an impartial trial cannot be had in Cayuga County. However, after holding that the convenience of material witnesses is balanced between Monroe and Cayuga Counties, Special Term erred in retaining venue in Monroe County based on Wilson's physical and mental disabilities. Before arriving at this conclusion, Special Term found that plaintiffs had not met their "burden of showing that the convenience of material witnesses would be better served by trying this action in Monroe County." The affidavits supporting the cross motions based on convenience of witnesses made by both parties fail to disclose the substance of the testimony to which the prospective witnesses will testify and do not meet the remaining criteria detailed in *Hurlbut v Whalen* (58 AD2d 311, 316, mot for lv to app den 43 NY2d 643). A denial of a change of venue for this deficiency would not be an abuse of discretion *(Beardsley v Wyoming County Community Hosp.*, 42 AD2d 821; *Lewandowski v Ambrosetti*, 32 AD2d 660; *Radatron, Inc. v Z.Z. Auto Tel.*, 30 AD2d 760). Because the elements of "the convenience of material witnesses" and "the ends of justice" are stated conjunctively (CPLR 510, subd 3), we do not fault Special Term for considering promotion of the ends of justice based on "plaintiff's disabilities" as a ground for retaining venue in Monroe County (2 Weinstein-Korn-Miller, NY Civ Prac, par 510.15). The record shows that Wilson has sustained "considerable physical damage characterized by unsteady gait, slurred speech, loss of memory, intellectual impairment and has limited ability to comprehend what is being asked of him." His doctor writes that Wilson is responding favorably to treatment, that an "extensive trial in Cayuga County would not be beneficial to his condition", and that he is receiving uninterrupted "rehabilitation services in the Rochester area." It is apparent from the record that he is ambulatory, and that his only role at the trial will be to provide demonstrative evidence on the issue of damages. No proof was presented as to Wilson's day-to-day rehabilitation progress nor as to the effect which a lack of rehabilitation would produce. Special Term gave excessive weight to Wilson's physical disability. This action should be tried in Cayuga County because (1) it is a transitory action and "other things being equal" it should be tried in the county where the cause of action arose *(Seabrook v Good Samaritan Hosp.*, 58 AD2d 538; *Chung v Kivell*, 57 AD2d 790), and (2) it is an action against a county officer of the County of Cayuga (CPLR 504). (Appeal from order of Monroe Supreme Court—venue.) Present —Dillon, P. J., Cardamone, Schnepp, Doerr and Witmer, JJ.