■ JULIA L. SHEREMETA et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 63085.) — Appeal from a judgment of the Court of Claims (O'Shea, J.), entered December 1, 1982, which dismissed the claim. ¶ Judgment affirmed, without costs, upon the opinion of Judge James C. O'Shea of the Court of Claims. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

■ DAVID I. MOAK et al., Appellants, v ARTHUR E. PARKER, as Hamilton County Sheriff, Respondent. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered December 30, 1982 in Albany County, which, *inter alia,* granted defendant's cross motion to change venue from Albany County to Hamilton County. ¶ Plaintiffs David Moak and his wife instituted this action against defendant, the Sheriff of Hamilton County, in the Supreme Court, Albany County, to recover damages for injuries David Moak allegedly sustained while in the custody of the Sheriff. Special Term granted defendant's cross motion to change the venue from Albany County to Hamilton County pursuant to CPLR 504 (subd 1) on the ground that the Sheriff, as a county officer, is entitled to have the action tried in Hamilton County. Plaintiffs appeal from the change of venue order. ¶ The order entered at Special Term should be affirmed. Sheriffs are county officers within the meaning of CPLR 504 (subd 1). This section requires that, except in circumstances not present here, all actions brought against county officers be tried in the officer's county (*Powers v East Hudson Parkway Auth.,* 75 AD2d 776, 777). Sheriffs have been held to be county officers within the meaning of this statutory provision (*Wilson v Sponable,* 77 AD2d 799). Moreover, the Court of Appeals, in upholding the power of New York City to eliminate the office of Sheriff pursuant to the city's constitutional authority to abolish county offices (NY Const, art IX, § 8, renum art XIII, § 13, subd [c]), stated in *Burke v Kern* (287 NY 203, 212): "The Sheriff from earliest times has been a county officer (Maitland, Constitutional History of England, p. 41; *Matter of Grifenhagen* v. *Ordway,* 218 N.Y. 451); and this is so even though these offices, being county offices, are thereby also state offices. (*Finn* v. *City of New York,* 282 N.Y. 153.)" We also note that the office of Sheriff is mandated under State law (County Law, § 400, subd 1), and counties are empowered to assign duties to their Sheriffs (County Law, § 650). The fact that counties are not liable for the tortious acts of their Sheriffs does not mean that a Sheriff is not a county officer. ¶ Order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.