■ MICHAEL A. STONE, Appellant, v SANFORD FELLER, Respondent. — In an action to recover damages for defamation, plaintiff appeals from two orders of the Supreme Court, Rockland County (Walsh, J.), one dated April 22, 1983 and one entered June 15, 1983, which, respectively, (1) granted defendant's motion for summary judgment, and (2) denied plaintiff's motion for renewal. ¶ Orders affirmed, with one bill of costs. ¶ Defendant's attorney's affirmation together with the newspaper article were competent to establish plaintiff's status as a public figure. ¶ Plaintiff had the burden of proof to show actual malice by "convincing clarity" (*Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 379, cert den 434 US 969). His affidavit is deficient as he merely makes conclusory allegations of actual malice, with no evidentiary facts to support his claim. Therefore, defendant's motion was properly granted. Titone, J. P., Gibbons, Brown and Lawrence, JJ., concur.

■ MONICA VEIT, Respondent, v HARRY VEIT, Appellant. — Order of the Supreme Court, Queens County (Graci, J.), entered August 25, 1982, affirmed, without costs or disbursements (*Rodgers v Rodgers,* 98 AD2d 386, 390). Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.

■ THOMAS WILK, JR., et al., Plaintiffs, v PERILLO BROS. FUEL OIL CORP. et al., Defendants. (Action No. 1.) THOMAS J. WILK, SR., as Administrator of the Estate of MARYANN WILK, Deceased, Appellant, v PERILLO BROTHERS FUEL OIL CORP., Defendant and Third-Party Plaintiff-Respondent. THOMAS J. WILK, JR., Third-Party Defendant. (Action No. 2.). — Plaintiff, in action No. 2, appeals from an order of the Supreme Court, Suffolk County (Cannavo, J.), dated October 6, 1983, which granted a motion by the defendants in actions Nos. 1 and 2 for a change of venue of action No. 2 from Queens County to Suffolk County, and a joint trial with action No. 1 pending in Suffolk County. ¶ Order modified by deleting so much thereof as directed the removal of action No. 2 to Suffolk County, and by substituting therefor a provision directing that action No. 1 be removed from Suffolk County to Queens County, to be tried jointly with action No. 2 pending in Queens County. As so modified, order affirmed, with costs to the appellant. ¶ Under the circumstances, it was an improvident exercise of discretion to transfer venue of action No. 2 to Suffolk County and direct a joint trial in said county. All things being equal, where consolidation or joint trials of actions begun in different counties is to be had, the venue should be in the county where jurisdiction was first invoked (*Maccabee v Nangle,* 33 AD2d 918). ¶ Since action No. 2 was first commenced, venue and trial of both actions should lie in Queens County. Gibbons, J. P., O'Connor, Boyers and Lawrence, JJ., concur.