■ THORNER-SIDNEY PRESS, INC., Respondent, v MERLING MARX & SEIDMAN, INC., Appellant.—Order unanimously reversed, on the law, with costs, and motion granted. Memorandum: Plaintiff commenced an action against defendant for breach of contract in Erie County, where plaintiff maintains its principal place of business. Defendant is an advertising and marketing agency located in New York City. Defendant pleaded plaintiff's defective work as a defense to this action and thereafter moved for a discretionary change of venue to New York County for the convenience of the witnesses and in the interests of justice. Defendant appeals from Special Term's denial of the motion for a change of venue.

In support of a motion for a discretionary change of venue, defendant is required to submit affidavits containing evidence of a meritorious defense, listing the names and addresses of all material witnesses expected to be called, setting forth in some detail the testimony which each witness will give with reasons why the testimony of the witness is indispensible, and setting forth some evidence concerning the calendar in the counties involved in the motion (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C510:3, pp 74-75). In support of its motion, defendant submitted an affidavit of its president which lists the names of two nonparty witnesses who either live or work in New York City, with a description of their proposed testimony. Defendant's attorney submitted an affirmation attesting that a trial in this matter would not be unduly delayed by a change of venue to New York County. Once defendant has submitted evidence to support a change of venue, the plaintiff is required to set forth evidence to establish the basis for its choice of venue (*A.M.I. Intl. v Gary Pool Sales & Serv.,* 94 AD2d 890; *Williamsburg Steel Prods. Co. v Shevlin-Manning, Inc.,* 90 AD2d 550; *Ray v Beauter,* 90 AD2d 988). In opposition to the motion in the instant case, plaintiff submitted an affidavit of one of its officers, Robert Freudenheim, and an affidavit of its attorney, which contain general allegations that there are numerous

witnesses who reside in western New York and Ontario whose testimony will be necessary at trial. Plaintiff's affidavits are deficient because they wholly fail to list the names and addresses of these witnesses, what they are expected to testify to, and why plaintiff considers their testimony to be material *(Williamsburg Steel Prods. Co. v Shevlin-Manning, Inc., supra).* Additionally, defendant met its burden by showing that a change of venue would not delay a trial in this action by submitting an affirmation of counsel indicating that a trial date could be set within six weeks of the filing of the note of issue. (Appeal from order of Supreme Court, Erie County, Fudeman, J.—change of venue.) Present—Dillon, P. J., Doerr, Denman, Boomer and Pine, JJ.