■ HAROLD HOYT et al., Respondents, v RICHARD LE BEL, Appellant.—Order unanimously reversed, on the law, without costs, and motion granted. Memorandum: The parties were the owners of neighboring summer camps on the St. Lawrence River in St. Lawrence County. On September 18, 1981, an argument arose over plaintiffs' alleged obstruction of defendant's right-of-way over plaintiffs' property. Plaintiffs sued the defendant for assault and related conduct and designated venue in Chatauqua County based on their residence there. The defendant counterclaimed for interference with his right-of-way, false arrest and abuse of process, all arising out of the right-of-way dispute and the September 18 incident. Defendant moved for a change of venue to St. Lawrence County on the grounds that the convenience of witnesses and ends of justice would be promoted by the change (CPLR 510 [3]). Special Term denied the motion based, in part, on the fact that six witnesses for plaintiffs reside in Chautauqua or adjoining counties, including three physicians. This was improper.

The general rule is that tort actions should ordinarily be tried where the cause of action arose *(Beardsley v Wyoming County Community Hosp.,* 42 AD2d 821). The convenience of parties, their relatives, employees and experts, is not controlling *(see, Cole v Lawas,* 97 AD2d 912; *Chung v Kivell,* 57 AD2d 790). Where consideration of all relevant factors points to different forums, "the overriding consideration is usually the location of the principal nonparty witnesses, particularly if this location is where the cause of action arose" *(Ray v Beuter,* 90 AD2d 988). Upon excluding the parties and their relatives, witnesses whose testimony would merely be cumulative and witnesses who have been listed but not contacted by a party *(see, Radatron, Inc. v Z. Z. Auto Tel.,* 30 AD2d 760, 761), the only remaining material liability witness is the Deputy Sheriff who investigated the September 18 incident. The Deputy resides in St. Lawrence County, and his convenience is an important consideration *(Kucich v Leibowitz,* 68 AD2d 1002). The convenience of the physicians who treated the plaintiffs, though a proper consideration *(see, Hilgers v Hyde,* 6 AD2d 963), is subordinate to the convenience of a liability witness

*(Chung v Kivell, supra).* Moreover, it does not appear that Special Term gave any consideration to defendant's expressed willingness to take the depositions of plaintiffs' physicians for use at the trial at a location convenient to them.

Assuming, arguendo, that defendant's counterclaim alleging an interference with a property interest does not require a venue change to St. Lawrence County *(see,* 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 507.08), the fact that the underlying dispute involves property interests in that county should have been given some consideration.

Finally, plaintiffs' conclusory assertion that their health would be seriously impacted by a venue change is not supported by a physician's affidavit or other medical proof and, thus, cannot be considered in opposition to the motion.

Since the only material nonparty liability witness resides in the county where the cause of action arose and a proper consideration of other factors supports a venue change to St. Lawrence County, Special Term abused its discretion in denying the motion, and the motion to change venue from Chautauqua County to St. Lawrence County is granted. (Appeal from order of Supreme Court, Chautauqua County, Cass, J.—change of venue.) Present—Dillon, P. J., Callahan, Doerr, Pine and Balio, JJ.