■ Kurt Filkins, Respondent, v Jan-Cen Automotive Parts, Inc., Appellant.—Order unanimously reversed on the law without costs and motion granted. Memorandum: Plaintiff, a resident of Onondaga County, commenced this action in Onondaga County against defendant, a domestic corporation with its only place of business in Erie County. Plaintiff seeks damages for allegedly defective work performed upon plaintiff's automobile. All of the work was performed in Erie County. Defendant moved for a change of venue pursuant to CPLR 510 (3) which Special Term denied.

This motion for a change of venue is addressed to the sound discretion of the court and its determination will not be disturbed on appeal absent a clear abuse *(Hurlbut v Whalen,* 58 AD2d 311, *lv denied* 43 NY2d 643). In our view, defendant has demonstrated its entitlement to a change of venue.

Excluding from consideration the parties, their employees and experts *(Ray v Beauter,* 90 AD2d 988), there is no preponderance of nonparty witnesses who will give material testimony, in either Onondaga or Erie County. On the facts of this case, the paramount consideration in determining venue is the location where the cause of action arose, namely, Erie County *(see, Resnick v Karmax Camp Corp.,* 112 AD2d 206, 207; *Ray v Beauter, supra).* Plaintiff has failed to demonstrate any consideration which would favor Onondaga County as the proper place of venue in this action. (Appeal from order of Supreme Court, Onondaga County, Donovan, J.—change of venue.) Present—Doerr, J. P., Boomer, Green, Pine and Davis, JJ.