■ PUBLIC SERVICE TRUCK RENTING, INC., Appellant, v AMBASSADOR INSURANCE COMPANY et al., Respondents. (Action No. 1.) MERCHANTS MUTUAL INSURANCE COMPANY, Individually and as Subrogee of TOTH TRUCKING COMPANY, INC., and Another, Respondent, v AMBASSADOR INSURANCE COMPANY, INC., et al., Respondents, and PUBLIC SERVICE TRUCK RENTING, INC., Appellant. (Action No. 2.) PUBLIC SERVICE TRUCK RENTING, INC., Third-Party Plaintiff-Appellant, v GENATT ASSOCIATES, INC., Third-Party Defendant. (Action No. 3.) (Appeal No. 1.)— Order unanimously affirmed with costs. Memorandum: Following termination of a personal injury action, two separate actions were commenced involving insurance coverage for the defendants. Public Service Truck Renting, Inc. commenced an action in Queens County and subsequently, Merchants Mutual Insurance Company commenced an action in Erie County. Public Service now appeals from an order denying its motion to change the venue of the second action to Queens County as well as a later order which granted reargument and upon reargument, adhered to the earlier determination and which also granted Merchants' cross motion for a joint trial of both actions with venue in Erie County. Since an order granting reargument supersedes the initial order, the appeal from the initial order is dismissed *(Hyman v Hillelson,* 79 AD2d 725, *affd* 55 NY2d 624).

Public Service failed to list the names and addresses of the nonparty material witnesses expected to be called and failed to provide some detail concerning the testimony each witness would give and an explanation of the necessity for such testimony in support of its original motion to change venue or on the motion for reargument. Under the circumstances, the court properly exercised its discretion to deny the request on both occasions *(see, Thorner-Sidney Press v Merling Marx & Seidman,* 115 AD2d 328; *Barney v Rochester Inst.,* 105 AD2d 516).

On a motion for joint trial, the general rule is that the venue of the action first commenced should be the venue for the joint trial *(Wilk v Perillo Bros. Fuel Oil Corp.,* 101 AD2d 859).* The ultimate determination, however, rests in the sound discretion of the court, and any circumstance may be consid-

ered which negates placement of the venue where the first action was commenced *(Perinton Assocs. v Heicklen Farms,* 67 AD2d 832). In this case, the second action is clearly the principal action as it involves all of the parties to the dispute and encompasses the more complex issues in the litigation. Moreover, one of the parties to the first action has yet to be served with the summons and complaint and aside from joinder of issue, no further action has been undertaken to prosecute that claim. We conclude that these circumstances are appropriate factors in establishing the venue for a joint trial and that the court did not abuse its discretion by placing venue for the joint trial in Erie County. (Appeal from order of Supreme Court, Erie County, Mintz, J.—change of venue.) Present—Dillon, P. J., Green, Pine, Balio and Lawton, JJ.