■ ITHACA PERIPHERALS, INC., Appellant, v SEQUOIA PACIFIC SYSTEMS CORPORATIONS, Respondent.—Mikoll, J. Appeals (1) from an order of the Supreme Court (Bryant, J.), entered August 6, 1987 in Tompkins County, which granted defendant's motion for a change of venue, (2) from an order of said court, entered September 3, 1987 in Tompkins County, which denied plaintiff's motion to reargue, and (3) from an order of said court, entered September 29, 1987 in Tompkins County, which denied plaintiff's motion to renew.

On this appeal, we are asked to resolve the question of whether Supreme Court erred in changing venue from Tompkins County to Chautauqua County pursuant to CPLR 510 (3). Plaintiff is suing defendant for moneys due on commercial contracts involving sales of printer assemblies. The action was commenced in Tompkins County where plaintiff's place of business is located. Defendant sought a change of venue to Chautauqua County upon the ground that the convenience of material nonparty witnesses and the ends of justice will be promoted. It was averred by defense counsel that material nonparty and nonexpert witnesses defendant would call resided and worked in western New York within 30 miles of Chautauqua County, that Tompkins County is 150 miles distant from the witnesses' homes, that defendant engages in no business in Tompkins County, that plaintiff does business in

western New York on a regular basis, that no nonparty witnesses reside in Tompkins County and that only plaintiff's employees reside there and will be convenienced by trial there.

Venue motions are directed to the judicial discretion of the trial court. The court's discretion is generally upheld unless an abuse of discretion is demonstrated to have occurred. The determination of such a motion lies in the evaluation of various factors considered by the court as to whether they fulfill the criteria set forth in CPLR 510 and precedential law. The convenience of parties, their employees and members of their families are excluded from consideration in determining a motion under CPLR 510 (3) *(see, Transportation Microwave Corp. v Venrock Assocs.,* 91 AD2d 913, 914). Merit must be shown for a change of venue for the convenience of material witnesses *(see, Lewandowski v Ambrosetti,* 32 AD2d 660). Here, defendant substantiated the grounds of convenience of witnesses and the ends of justice by showing what the witnesses were expected to prove, the materiality of their testimony, their numerical preponderance and the inconvenience in traveling to Tompkins County. No abuse of discretion by Supreme Court is indicated.

Plaintiff's motion to reargue is not appealable. Further, plaintiff's motion to renew was properly denied by Supreme Court inasmuch as plaintiff failed to make out entitlement to renew the motion *(see, Caffee v Arnold,* 104 AD2d 352).

Orders affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.