■ NELSON RODRIGUEZ, Respondent, v ST. PAUL'S CATHOLIC CHURCH et al., Appellants.—Order unanimously reversed on the law with costs and motion granted. Memorandum: Plaintiff commenced this negligence action to recover damages for personal injuries sustained when he fell from a ladder while painting a church rectory owned by defendants. The accident took place in the Town of Bloomingdale in Essex County.

After the commencement of the action in Monroe County, where the plaintiff resides, defendants moved for change of venue to Essex County on the ground that the convenience of material witnesses and the ends of justice would be promoted by the change. The party moving for a change of venue pursuant to CPLR 510 (3) has the burden of proof (Edwards v Lamberta, 42 AD2d 1003). The movant must supply the names, addresses and occupations of the witnesses expected to be called, indicate in some detail the testimony which each witness will give, and submit some evidence concerning the calendar in the counties involved in the motion (see, Public Serv. Truck Renting v Ambassador Ins. Co., 136 AD2d 911; Thorner-Sidney Press v Merling Marx & Seidman, 115 AD2d 328). Here, defendants' papers suffice to demonstrate that four nonparty witnesses reside or work in Franklin or Clinton

County which counties border Essex County and that the testimony of each is material and necessary to the defense of the claim. Moreover, the cause of action arose in Essex County and, absent cogent reasons to direct otherwise, venue should be in Essex County *(McGuire v General Elec. Co.,* 117 AD2d 523). Finally, defendant has submitted evidence that the claim can be reached for trial sooner in Essex County.

Plaintiff has failed to submit evidence to support his choice of venue. He has failed to identify any prospective nonparty witness residing in Monroe County *(see, Thorner-Sidney Press v Merling, Marx & Seidman, supra),* and the only nexus Monroe County has to this matter is that it is plaintiff's residence. Moreover, plaintiff has failed to demonstrate that he will be prejudiced if the action is tried in Essex County.

In support of affirmance, plaintiff relies on the demand procedure contained in CPLR 511 (a) and (b). His reliance is misplaced, since a motion for a change of venue under CPLR 510 (3) is not subject to the demand procedure *(see,* CPLR 510 [3]; 511 [a], [b]; *see also,* 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 510.10). Accordingly, the denial of defendants' motion constituted an improvident exercise of discretion. (Appeal from order of Supreme Court, Monroe County, Willis, J.—change of venue.) Present—Dillon, P. J., Boomer, Pine, Davis and Lowery, JJ.