DOROTHY A. ZINKER, Appellant-Respondent, v DIANE G. ZINKER, Respondent-Appellant.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court did not err by dismissing without prejudice defendant's motion for summary judgment. Once Supreme Court determined that a change of venue was appropriate, it properly relegated all motions to the transferee court *(Rosenblatt v Sait,* 34 AD2d 238, 239).

We conclude, however, that Supreme Court abused its discretion by granting defendant's motion for a change of venue to Rockland County. Defendant failed to meet her burden of proving that "the convenience of material witnesses and the ends of justice will be promoted by the change" (CPLR 510 [3]). To demonstrate entitlement to a discretionary change of venue, the moving party must submit "the names, addresses and occupations of the prospective witnesses; a full and fair statement of what the moving party expects to prove by the witnesses; the facts to which the prospective witnesses will testify; and the basis for the moving party's belief that the witnesses will testify as stated" *(Hurlbut v Whalen,* 58 AD2d 311, 316, *lv denied* 43 NY2d 643; *see also, Greene v Hillcrest Gen. Hosp.,* 130 AD2d 621). The moving party must also demonstrate that the matter will not be unduly delayed by transfer to another county *(see, Thorner-Sidney Press v Merling Marx & Seidman,* 115 AD2d 328; *Edwards v Lamberta,* 42 AD2d 1003). The convenience of the parties is not normally considered *(Hoyt v Le Bel,* 120 AD2d 973), except when the inconvenience relates to a party's health *(see, Messinger v Festa,* 94 AD2d 792). The moving party must demonstrate by competent evidence his inability to travel *(see, Hoyt v Le Bel, supra,* at 974).

Defendant's submissions to Supreme Court in support of her motion were woefully deficient. Defendant admitted that she

works as a full-time teacher, yet she submitted conclusory allegations that back surgery she had in 1990 prevents her from defending plaintiff's action in Monroe County. An unsworn letter from defendant's physician is incompetent to prove that defendant is unable to travel. We conclude that Supreme Court gave "excessive weight" to defendant's alleged health problems *(Wilson v Sponable,* 77 AD2d 799, 800). Moreover, defendant failed to prove that material witnesses reside in Rockland County and failed to address the issue of court congestion.

We, therefore, modify the order to deny defendant's motion for a change of venue. We do not address the motion for summary judgment and defendant may, should she choose, resubmit her motion for summary judgment to Supreme Court, Monroe County. (Appeals from Order of Supreme Court, Monroe County, Calvaruso, J., for Patlow, J.—Change of Venue.) Present—Callahan, J. P., Pine, Balio, Lawton and Doerr, JJ.