during the limitations period *(see, Matter of Aetna Cas. & Sur. Co. v Nationwide Ins. Co.,* 162 AD2d 525; *cf., New York Cent. Mut. Fire Ins. Co. v Amica Mut. Ins. Co., supra).* Supreme Court erred, therefore, in denying petitioner's application for a permanent stay of arbitration on the ground that State Farm's claim against petitioner is time-barred.

We reject State Farm's argument that petitioner should be estopped from asserting the Statute of Limitations as a defense. State Farm failed to establish that petitioner induced it to forego timely bringing its claim through fraud, misrepresentation or deception *(see, Park Assocs. v Crescent Park Assocs.,* 159 AD2d 460, 461; *Murphy v Wegman's Food Mkts.,* 140 AD2d 973, 974, *lv denied* 72 NY2d 808). (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Arbitration.) Present—Denman, P. J., Green, Balio, Boehm and Davis, JJ.

■ In the Matter of BU 91-04-1356A, BU 91-09-3151A, BU 91-09-3154A, BU 91-09-3153A and BU 92-01-0194A. (Appeal No. 1.)—Appeal unanimously dismissed without costs *(see, Public Serv. Truck Renting v Ambassador Ins. Co.,* 136 AD2d 911). (Appeal from Order of Supreme Court, Erie County, Doyle, J.—Quash Subpoena Duces Tecum.) Present—Denman, P. J., Green, Balio, Boehm and Davis, JJ.

■ In the Matter of BU 91-04-1356A, BU 91-09-3151A, BU 91-09-3154A, BU 91-09-3153A and BU 92-01-0194A. (Appeal No. 2.)—Order unanimously affirmed with costs. Memorandum: Petitioner, a physician specializing in ophthalmology, appeals from an order directing him to comply with a subpoena duces tecum requiring the production of his complete medical records of five patients. There is no merit to petitioner's contention that the Committee on Professional Conduct lacked a good faith justification for the issuance of the subpoena *(see, Matter of Levin v Murawski,* 59 NY2d 35, 41-42; *Matter of Levin v Guest,* 112 AD2d 830, *affd* 67 NY2d 629, *cert denied* 476 US 1171). The materials submitted for in camera review by Supreme Court contain a sufficient basis for further investigation and the issuance of the subpoena duces tecum *(see, Matter of BU 90-09-2400,* 184 AD2d 1028).

Also without merit is petitioner's contention that, because no witness fee was tendered, Supreme Court erred in directing compliance with the subpoena duces tecum. CPLR 2303 and 8001 (a) require the payment of a witness fee and travel expenses in any case where a person's attendance is compelled by subpoena. The subject subpoena was issued in furtherance