■ FIREMAN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Respondent, v DOYLE GROUP, INC., Appellant.—Order, Supreme Court, New York County (Edward H. Lehner, J.), entered on or about May 19, 1992, which denied defendant's motion made pursuant to CPLR 510 (3) to change venue from New York County to Monroe County, unanimously affirmed, with costs.

Plaintiff, an insurance corporation whose principal place of business is located in New York, commenced the underlying action against the defendant, a foreign corporation whose principal place of business in New York is located in Rochester, seeking to recover premium payments in the amount of $124,427.20 allegedly due and owing to the plaintiff under a

general liability policy and an automobile liability policy issued by plaintiff to the defendant for the period July 1, 1987 to July 1, 1989.

Plaintiff designated venue in New York County based upon its principal place of business, as was its statutory right under CPLR 503 (c).

Defendant moved for a change of venue from New York County to Monroe County pursuant to CPLR 510 (3) on the ground that the convenience of witnesses and the ends of justice would be promoted by the change.

A motion to change venue based upon the convenience of material witnesses pursuant to CPLR 510 (3) must be supported by an affidavit that specifies the names and addresses of the witnesses, the essence of their expected testimony and the inconvenience that would be imposed, if they were required to testify in the court of original venue (see, Dashman v Really Useful Theatre Co., 167 AD2d 325). Defendant having failed to properly do so, its motion was properly denied. Concur—Murphy, P. J., Milonas, Ellerin, Ross and Kassal, JJ.