■ PATRICIA JOHNSON, Appellant, v CHERRY GROVE ISLAND

MANAGEMENT, INC., et al., Respondents, et al., Defendant.—Order, Supreme Court, Bronx County (Lewis R. Friedman, J.), entered December 22, 1988, which granted defendants-respondents' motion to change venue from Bronx County to Suffolk County, is affirmed.

This is an action to recover damages for personal injuries sustained by plaintiff when she dove into the shallow end of a motel swimming pool which is alleged to have been negligently maintained, controlled and supervised by defendants owner, lessor and manager of the premises.

In moving pursuant to CPLR 510 (3) to change venue to Suffolk County, where the accident occurred, from Bronx County, where plaintiff resides, defendants-respondents identified and set forth the expected testimony of four witnesses, three of whom reside in Suffolk County. Of the eleven witnesses identified by plaintiff, two were known to reside in Bronx County. Plaintiff did not distinguish the expected testimony of each witness, and instead collectively reported that they would all testify with respect to lack of markings or warnings on the pool. Such cumulative testimony does not provide a heavily weighted factor to consider in a motion to change venue based upon the convenience of non-party witnesses (see, Callahan v Cortland Mem. Hosp., 127 AD2d 921).

The litigants having provided a nearly equal number of material witnesses, this transitory action should be tried where the cause of action arose (see, McGuire v General Elec. Co., 117 AD2d 523, 523-524). Moreover, plaintiff was treated in a Suffolk County hospital, principally by a Suffolk County neurosurgeon, for almost eight weeks following the accident. Although plaintiff received additional treatment from a neurosurgeon, an internist and a chiropractor, the neurosurgeon maintains his office in Westchester County, and the testimony of the internist and chiropractor, both of whom maintain offices in Bronx County, is not likely, given the injuries, to be as material as that of the two original neurosurgeons.

Finally, we conclude that the motion was timely, as it was made two months after defendants' discovery demands were met, and we note, in any event, that a motion to change venue pursuant to CPLR 510 may be made at any time (Soufan v Argo Pneumatic Co., 170 AD2d 289, 291). Significantly, no prejudice has been demonstrated in the case at bar. We have considered plaintiff's other claims and find them to be without merit. Concur—Carro, J. P., Kupferman and Kassal, JJ.

Ellerin, J., dissents in a memorandum as follows: Plaintiff

commenced this personal injury action on October 17, 1986 in Bronx County. On September 1, 1988, after completion of discovery, defendants moved to change venue to Suffolk County based on the convenience of material witnesses.

A motion for a change of venue made pursuant to CPLR 510 must be made within a reasonable time after the commencement of the action (CPLR 511 [a]; *Boriskin v Long Is. Jewish-Hillside Med. Ctr.*, 85 AD2d 523). I find that, due to the almost two year delay in moving for a change of venue, and in light of the essentially equal showing by the parties that certain nonparty witnesses would be inconvenienced by either location, the IAS Court erred in granting defendants' motion *(see, Ortiz v Broadway Mgt. Co.*, 188 AD2d 401; *Hillegass v Duffy*, 104 AD2d 969), and I would reverse.