■ ERDMAN, ANTHONY & ASSOCIATES, INC., Respondent, v DESIGN COLLABORATIVE, INC., Appellant. [647 NYS2d 642] —Order insofar as appealed from unanimously reversed on the law without costs and cross motion granted. Memorandum: In June 1995 plaintiff, Erdman, Anthony & Associates, Inc. (EAA), an engineering firm, commenced this action seeking sums allegedly due and owing from defendant, Design Collaborative, Inc. (Design), for work performed on eight different construction projects. The action was commenced in Monroe County, EAA's principal place of business. Design's answer asserted defenses and counterclaims based upon EAA's failure to perform its contractual obligations.

In October 1995 Design cross-moved for a change of venue to Westchester County pursuant to CPLR 510 (3). Supreme Court denied the cross motion on the grounds that it was not timely and EAA's billing records were located in Monroe County. We reverse that part of the order.

A motion based upon CPLR 510 (3) should be made "within a reasonable time after commencement of the action" (CPLR 511 [a]). Defendant's cross motion, made three months after issue was joined and before any significant discovery, was timely (*see, Johnson v Cherry Grove Is. Mgt.,* 190 AD2d 598, 599; *Toro v Gracin,* 148 AD2d 364; *cf., Lalka v Massafra,* 167 AD2d 265, 266).

Design met its burden on the cross motion by providing the names and addresses of material nonparty witnesses who reside in or near Westchester County and a summary of the substance of their testimony (*see, Fireman's Ins. Co. v Doyle Group,* 189 AD2d 711, 712; *Rodriguez v St. Paul's Catholic Church,* 162 AD2d 1017; *Hurlbut v Whalen,* 58 AD2d 311, 316, *lv denied* 43 NY2d 643). Moreover, Design demonstrated that the contracts were negotiated in Westchester County with personnel in EAA's Boston office, that all of the projects were located in or near Westchester County and that all services were performed in or near Westchester County (*see, Port Bay Assocs. v Soundview Shopping Ctr.,* 197 AD2d 848, 849).

EAA failed to identify any nonparty witnesses who reside in Monroe County. The fact that EAA's records are located in Monroe County is not sufficient to resist a motion for a change of venue if material witnesses are located elsewhere (*see, Ray v Beauter,* 90 AD2d 988; *see also, D'Argenio v Monroe Radiological Assocs.,* 124 AD2d 541, 542). EAA identified two employees and its President who reside in Monroe County and were expected to testify. The convenience of parties and their employees, however, "carries little weight if any" on a motion under CPLR 510 (3) (*Port Bay Assocs. v Soundview Shopping Ctr., supra,* at 849; *see, Filkins v Jan-Cen Automotive Parts,* 132 AD2d 937, 938; *Hoyt v Le Bel,* 120 AD2d 973; *Ray v Beauter, supra*). (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Venue.) Present—Green, J. P., Lawton, Fallon, Callahan and Doerr, JJ.