[672 NYS2d 928]

In the Matter of PATRICIA S. HURST, Respondent, v BOARD OF EDUCATION FOR THE ITHACA CITY SCHOOL DISTRICT, Appellant, and NEW YORK STATE TEACHERS' RETIREMENT SYSTEM et al., Respondents.

Third Department, May 14, 1998

### APPEARANCES OF COUNSEL

*Bond, Schoeneck & King, L. L. P.,* Syracuse (*R. Daniel Bordoni* of counsel), for appellant.

*James R. Sandner,* Albany (*Ira Paul Rubtchinsky* of counsel), for Patricia S. Hurst, respondent.

*Dennis C. Vacco, Attorney-General,* Albany (*Peter G. Crary* of counsel), for New York State Teachers' Retirement System and another, respondents.

### OPINION OF THE COURT

SPAIN, J.

Petitioner was employed as a substitute teacher in three different school districts from 1960 to 1975. Petitioner was a full-time teacher in the St. Johnsville School District in Montgomery County for the 1960-1961 school year, and a long-term substitute teacher for the 1962-1963 school year. As such, petitioner was mandatorily enrolled in respondent New York State Teachers' Retirement System and later withdrawn. Petitioner was employed part time in the Fort Plain Central School District in Montgomery County during the 1961-1962 and 1963-1964 school years, but was not enrolled in the Retirement System for those periods. Petitioner worked part time in

the Ithaca City School District from 1968 until 1975. She became eligible for membership in the Retirement System in 1972 but did not rejoin until 1974.

In 1995, petitioner filed a claim for retroactive membership in the Retirement System pursuant to Retirement and Social Security Law § 803. The Retirement System sent her an employer affidavit, and instructed her to submit it to the first employer for whom she worked for a continuous period of time. Petitioner forwarded the application to respondent Board of Education for the Ithaca City School District (hereinafter respondent). Respondent, however, returned the form without completing it, stating that the form should be sent to the St. Johnsville School District based upon its belief that St. Johnsville was petitioner's first public employer.

Petitioner commenced this CPLR article 78 proceeding to compel respondent to fill out the employer affidavit. Respondent moved for a change of venue from Albany County to Tompkins County. Petitioner, the Retirement System and respondent New York State Teachers' Retirement Board (hereinafter TRB) opposed respondent's motion. Notably, the parties agreed to adjourn the issues in the CPLR article 78 proceeding until a decision was made on the motion for a change of venue, and informed Supreme Court of their agreement. Supreme Court denied respondent's motion for a change of venue, granted the petition and compelled respondent to complete the requested employer affidavit. Respondent appeals.

■ Initially, we conclude that Supreme Court did not abuse its discretion in denying respondent's motion for change of venue. It is well-settled law that venue motions are within the discretion of the trial court, and will generally be upheld unless there is an abuse of discretion (*see*, *Ithaca Peripherals v Sequoia Pac. Sys. Corps.*, 141 AD2d 909). Venue is usually based in the county of residence of the parties (*see*, CPLR 503). In an action against a school district, venue shall be in the county in which the school district is located (*see*, CPLR 504 [2]). In a special proceeding against a body or an officer, venue shall be in the county where the material events took place, or where the office of the respondent body or officer is located (*see*, CPLR 506 [b]).

Here, petitioner is a resident of Orange County, respondent is located in Tompkins County and both the Retirement System and TRB have their offices in Albany County. Where there are conflicting venue provisions and one or more parties seeks a change of venue, it is given to the discretion of the court to

select the proper venue (*see, Lawyers' Fund for Client Protection v Gateway State Bank*, 239 AD2d 826, *lv dismissed* 91 NY2d 848; *see also*, CPLR 502). In our view, Supreme Court correctly reasoned that the Retirement System and TRB were proper parties, and, therefore, did not err in denying respondent's motion.

Next, Supreme Court should have allowed respondent an opportunity to answer following its denial of the motion (*see*, CPLR 7804 [f]). However, "in the absence of any real question that the record as presented on the motion * * * permitted resolution of all disputed issues raised in the proceeding, we view Supreme Court's error as harmless" (*Matter of Clark v Board of Educ.*, 236 AD2d 709, 712, *revd* 90 NY2d 662). Since the substantive issues have been briefed by respondent in its appeal to this Court, review of the substantive issues is appropriate in the interest of judicial economy.

■ Retirement and Social Security Law § 803 (b) (2) provides, *inter alia*, that membership in the Retirement System shall be given to those members who were eligible to join retroactive "to the date from which the member has served continuously in a position or positions which would have entitled the member to join". Furthermore, the member is required to obtain an affidavit from "the employer who employed such member at the time he or she was first eligible to join a public retirement system" (Retirement and Social Security Law § 803 [b] [3]). The TRB has held this part of Retirement and Social Security Law § 803 (b) (3) to mean that the first employer in the member's chain of continuous employment is required to fill out the employer affidavit. Respondent argues that the purpose of Retirement and Social Security Law § 803 is to afford retroactive Retirement System membership only to those employees who were not given timely notice of their eligibility to join the public Retirement System, and that TRB's interpretation of this statute results in an application that goes against the legislative intent behind the statute. Respondent also asserts that this interpretation may make subsequent employers liable for retroactive benefits to employees who were informed of their eligibility to join the Retirement System by previous employers. We disagree. Here, petitioner was "eligible to join [the] retirement system" when she completed 21 days of service during the 1961-1962 school year in the Fort Plain Central School District. Her eligibility with regard to respondent is that respondent was the first employer in her continuous chain of employment for purposes of setting a possible retroactive benefit date.

Statutory interpretation by an administrative agency will be given great deference if the interpretation "involves knowledge and understanding of underlying operational practices or entails an evaluation of factual data" (*Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459). Where, as here, however, the matter involves pure statutory interpretation, courts are "free to ascertain the proper interpretation from the statutory language and legislative intent" (*Matter of Gruber [New York City Dept. of Personnel—Sweeney]*, 89 NY2d 225, 231-232; *see*, *Kurcsics v Merchants Mut. Ins. Co., supra*, at 459). In our view, TRB's interpretation of Retirement and Social Security Law § 803 was correct. Accordingly, Supreme Court's judgment granting the petition should be affirmed.

CARDONA, P. J., YESAWICH JR., PETERS and CARPINELLO, JJ., concur.

Ordered that the judgment is affirmed, with costs to petitioner.