■ In the Matter of Z & H REALTY, INC., et al., Appellants, v OFFICE OF THE STATE COMPTROLLER et al., Respondents. [686 NYS2d 900] —Spain, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered July 28, 1998 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to state a cause of action.

In March 1997, petitioners filed an application for compensation from respondent New York Environmental Protection and Spill Compensation Fund (hereinafter the Fund) seeking reimbursement for the petroleum cleanup expenses incurred by them at their property in the Village of Mt. Kisco, Westchester County. Pursuant to Navigation Law § 182, such "[c]laims shall be filed with the administrator not later than three years after the date of discovery of damage nor later than ten years after the date of the incident which caused the damage". The Fund denied the claim as time barred declaring that, although petitioners filed the claim within three years of the discovery of the contamination, they failed to satisfy the requirement that such claims be filed within 10 years of the petroleum discharge. Thereafter, the Fund also determined that without a timely claim, it was not obligated under Navigation Law § 183 to provide arbitration in furtherance of a settlement of the dispute between petitioners and the alleged dischargers.

According to petitioners, the initial petroleum discharge occurred many years ago, likely in the 1940s or 1950s, when a fuel storage depot was located on the premises. By the time of petitioners' purchase of the property in 1967, all of the prior owner's above-ground fuel storage tanks and pipes had been removed and there was no obvious evidence of any contamination. Petitioners claim to have first discovered the contamina-

tion some time after the property was put up for sale in 1994 when an environmental assessment was completed. After discovering the contamination, petitioners advised the alleged discharger, a local oil company, that the property was contaminated and inquired whether it would contribute to the cleanup cost. After the alleged discharger refused to contribute toward the remediation, petitioners voluntarily remediated the property and sought reimbursement from the Fund for the $176,008.17 cleanup cost.

When the Fund denied petitioners' claim, they commenced this CPLR article 78 proceeding contending that the Fund's decision was arbitrary and capricious in that their claim was timely brought within three years of discovery of the contamination and also within 10 years of the discharge in accordance with Navigation Law § 182. Petitioners claimed, *inter alia*, that they met the within 10 years of the date of discharge requirement because the petroleum, spilled many years ago, was continuously being discharged into the surrounding subsurface soils—via seepage and migration, from its initial site—up until the time of remediation. Respondents moved to dismiss the petition claiming that petitioners' application for reimbursement was untimely and that the petition failed to state a cause of action (*see*, CPLR 3211 [a] [7]). Supreme Court dismissed the petition finding that petitioners' claim was untimely. Petitioners now appeal.

We affirm. As this case involves pure statutory interpretation, this Court is free to ascertain the proper meaning from the statutory language and the legislative intent without deference to the Fund's interpretation (*see*, *Matter of Hurst v Board of Educ.*, 242 AD2d 130, 134, *appeal dismissed and lv denied* 92 NY2d 914). Navigation Law § 182 provides that "[c]laims shall be filed with the administrator not later than three years after the date of discovery of damage *nor* later than ten years after the date of the incident which caused the damage" (emphasis supplied). Notably, section 182 was amended in 1980, extending the time within which to bring claims from 6 to 10 years after the date of incident and from 1 to 3 years after the date of discovery (*see*, Mem of Assembly in Support, Bill Jacket, L 1980, ch 649; *see*, L 1980, ch 649, § 3). The 1980 amendments also added Navigation Law § 190-a, which permits "damage claims against the oil spill fund for incidents prior to April 1, 1978 where private or public ground water supplies have been contaminated" (Mem of Assembly in Support, Bill Jacket, L 1980, ch 649). The justification for the provision in section 190-a for older claims was that "the dif-

ficult nature of establishing proof" in groundwater contamination cases "rendered the injured parties * * * unable to find relief in the courts" (Mem of Assembly in Support, Bill Jacket, L 1980, ch 649).

Initially, we conclude that Supreme Court properly determined that petitioners never stated a claim under Navigation Law § 190-a, especially in light of the fact that they did not demonstrate actual contamination of a public or private groundwater system. Notably, even upon a liberal reading of their 1997 petition, petitioners never alleged that any groundwater supply was contaminated. Accordingly, we have no occasion to address the issue of the applicability of section 182 to claims brought under section 190-a.

We next address the period of limitations in Navigation Law § 182. The key phrase "not later than three years after the date of discovery of damage nor later than ten years after the date of the incident which caused the damage" (Navigation Law § 182) is susceptible of more than one interpretation. It can be read as a dual requirement or in the alternative, depending upon the meaning given to the word "nor". Where, as here, the intent of the Legislature is not clear, courts will look to established rules of construction for guidance (*see*, McKinney's Cons Laws of NY, Book 1, Statutes § 91, at 173-174). "When a word is susceptible of two or more significations, the meaning to be given must be determined from the context of the statute, the purpose and spirit of it, and the intention of the lawmakers" (McKinney's Cons Laws of NY, Book 1, Statutes § 235, at 400).

The legislative intent underlying Navigation Law article 12 is provided in section 170, which expressly states that the intent is to "provide a fund for swift and adequate compensation to * * * persons damaged by such discharge". Additionally, Navigation Law § 171 states that the purpose of the article is "to ensure a clean environment * * * by authorizing the department of environmental conservation to respond quickly to * * * discharges and effect prompt cleanup * * * giving first priority to minimizing environmental damage, and by providing for liability for damage sustained" (Navigation Law § 171). Although the established rules of statutory construction state that the word "or" may be construed interchangeably with the word "and" in the appropriate context (*see*, McKinney's Cons Laws of NY, Book 1, Statutes § 365, at 533-534), the rules do not aid our analysis of the Legislature's use of the word "nor". Thus, we will interpret "nor", as used in section 182, according to its ordinary and usual meaning (*see*, McKinney's Cons Laws of NY, Book 1, Statutes § 232, at 392-393).

In our view, the evident meaning of the word "nor" in the context of section 182, viewed as a whole, is that a claim must meet both periods of limitation. In effect, we read section 182 as requiring the filing of claims not later than three years from discovery and not later than (i.e. "nor later than") 10 years from the incident; "nor" in this context refers back to "not later than", establishing two limitations periods both of which must be satisfied for a claim to be timely. In this context, the use of the negative terms "not later than * * * nor" is equivalent to "not *and* not". Hence, by example, when courts state that an agency's action is (1) "neither arbitrary nor capricious" (*see, e.g., Matter of New York State Clinical Lab. Assn. v DeBuono*, 250 AD2d 95, 99) or (2) "not arbitrary nor capricious" (*see, e.g., Matter of Anonymous v Codd*, 40 NY2d 860, 861), the reader clearly understands that we are concluding, as we must, that the action is not arbitrary and also is not capricious.

Thus, claims must be filed within three years of discovery *and* within 10 years of the incident. Such an interpretation comports with the most commonly understood usage of "nor", and is consistent with the Legislature's combined desire to encourage prompt claims and expedited cleanups to minimize environmental damage, while at the same time controlling the considerable cost of the program by limiting claims to a maximum period of 10 years after the date of the incident. If we were to accept petitioners' strained interpretation that, in effect, all claims are allowed if brought within three years of discovery of the contamination, the 10-year from the incident limitation would be rendered meaningless, as Supreme Court also concluded in its well-reasoned decision. The scenario of the instant claim exemplifies this. The discharge is quite old while the discovery was fairly recent triggering a prompt claim, a not uncommon occurrence. It was for this precise reason that the Legislature did not adopt a limitation based solely upon discovery, but also imposed an overall limitation premised upon the date of the incident. We agree with the conclusion reached by Supreme Court that petitioners' claim was untimely as not filed within "ten years after the incident which caused the damage", i.e. within 10 years of the discharge (*see*, Navigation Law § 182).

We next reject petitioners' contention that respondents were required to mediate settlement negotiations between them and the dischargers. Petitioners argue that even if their claim was time barred, the Fund was still under a statutory obligation to work toward arranging a settlement between it and the original petroleum dischargers (*see*, Navigation Law § 183). Because

petitioners' claim was not timely, we conclude that the Fund had no obligation to provide such mediation. Notably, at the time the claim was denied, petitioners could have pursued a remedy in court against the dischargers (*see*, Navigation Law § 193). In our view, with a time-barred claim the Fund properly and rationally denied petitioners' request to attempt to settle the dispute between petitioners and the dischargers.

Mercure, J. P., Crew III, Peters and Carpinello, JJ., concur.
Ordered that the judgment is affirmed, without costs.