■ STEPHEN R. McLAUGHLIN, Respondent, v CITY OF BUFFALO et al., Appellants. [688 NYS2d 309] —Order unanimously reversed on the law without costs and cross motion granted. Memorandum: Plaintiff, a resident of Monroe County, commenced this action in Monroe County seeking damages for assault, false arrest and false imprisonment. The action arises out of an incident that occurred in the City of Buffalo, in Erie County. Plaintiff commenced the action in Monroe County based upon his residence there (*see,* CPLR 503 [a]).

Although CPLR 504 (2) provides in relevant part that the place of trial of all actions against cities or any of their officers or departments shall be the county in which the city is situated, defendants admittedly failed to make a timely demand pursuant to CPLR 511 (b) that the action be tried in Erie County. Instead, without objection, defendants served their answer.

After plaintiff moved to compel discovery and depose defendant Officer William E. Morris in the City of Rochester, defendants cross-moved for a discretionary change of venue to Erie County pursuant to CPLR 510 (3) on the grounds that the tort causes of action arose in Erie County, and several nonparty material witnesses who reside in Erie County would be greatly inconvenienced if the trial were held in Monroe County. Supreme Court denied the cross motion.

A motion for a change of venue is addressed to the sound discretion of the court, and absent a clear abuse the court's determination will not be disturbed on appeal (*see, Filkins v Jan-Cen Automotive Parts,* 132 AD2d 937, 938; *Hurlbut v Whalen,* 58 AD2d 311, 315-316, *lv denied* 43 NY2d 643). In our view, defendants have demonstrated their entitlement to a change of venue.

Initially, we note that defendants' cross motion for a discretionary change of venue, made five months after issue was joined and before any significant discovery, was timely (*see,* CPLR 511 [a]; *Erdman, Anthony & Assocs. v Design Collaborative,* 231 AD2d 961; *Johnson v Cherry Grove Is. Mgt.,* 190 AD2d 598, 599; *Toro v Gracin,* 148 AD2d 364).

Excluding from consideration the parties and their employees and experts, we conclude that there is no preponderance of nonparty material witnesses in either Monroe or Erie County. The general rule is that tort actions should ordinarily be tried where the cause of action arose (*see, Hoyt v Le Bel,* 120 AD2d 973; *see also, Beardsley v Wyoming County Community Hosp.,* 42 AD2d 821). On the facts of this case, the paramount consideration in determining venue is the location where the cause of action arose, namely, Erie County. Plaintiff has failed to demonstrate any other consideration that would favor Monroe County as the proper venue of this action. Thus, we conclude that the court abused its discretion in denying defendants' cross motion for a discretionary change of venue to Erie County (*see, Filkins v Jan-Cen Automotive Parts, supra; Hoyt v Le Bel, supra; cf., Orchard Park Leasing v Baldanza,* 202 AD2d 962, 963). (Appeal from Order of Supreme Court, Monroe County, Ark, J.—Venue.) Present—Green, J. P., Hayes, Pigott, Jr., Scudder and Callahan, JJ.