| |
|:---:|
| **Restrepo v Costa** |
| 2026 NY Slip Op 30857(U) |
| March 5, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 158632/2022 |
| Judge: Christopher Chin |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. CHRISTOPHER CHIN**          PART          22

*Justice*

-------------------------------------------------------------------X

RICARDO RESTREPO,

INDEX NO.          158632/2022

MOTION DATE          07/22/2025

Plaintiff,

MOTION SEQ. NO.          002

- v -

DOREEN LEAVENS COSTA, HALEY MARIE TOBIN

**DECISION + ORDER ON MOTION**

Defendant.

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73

were read on this motion to/for          TRANSFER          .

Upon the foregoing documents, after oral argument, and in this court's discretion, it is

ORDERED that defendants' motion pursuant to CPLR §§327 (a) and/or 510 to transfer this action to the Supreme Court of the State of New York, County of Suffolk, on the grounds of forum non conveniens is denied.

Under CPLR 327(a), "[w]hen the court finds that in the interest of substantial justice the action should be heard in another forum, the court, on the motion of any party, may stay or dismiss the action in whole or in part on any conditions that may be just. The domicile or residence in this state of any party to the action shall not preclude the court from staying or dismissing the action."

158632/2022  RESTREPO, RICARDO vs. COSTA, DOREEN LEAVENS ET AL
Motion No. 002

Page 1 of 4

[* 1]

Under CPLR 509, "the place of trial of an action shall be in the county designated by the plaintiff, unless...changed to another county by order upon motion..."

Under CPLR § 510 a court has discretion to change venue when : (1) the county designated is not proper; (2) an impartial trial is unlikely in the designated county; or (3) the convenience of material witnesses and the ends of justice will be promoted by the change.

Under CPLR 511, "[a] demand under subdivision [b] for change of place of trial on the ground that the county designated for that purpose is not a proper county shall be served with the answer or before the answer is served. A motion for a change of place of trial on any other ground shall be made within a reasonable time after the commencement of the action".

The factors to be considered on a forum non conveniens motion are: (1) the residency of the parties; (2) the availability of an alternative forum in which the other party may bring suit; (3) whether the transaction out of which the cause of action arose occurred primarily in a foreign jurisdiction; (4) the location of a majority of the witnesses; (5) the burden on the New York courts; (6) the potential hardship to the movant if the case is kept in New York; and (7) whether the applicable law is that of a foreign jurisdiction (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984]). No one factor has been held controlling. Rather, the determination is in the sound discretion of the court, based upon all the facts and circumstances of the case at hand (*id.*).

158632/2022  RESTREPO, RICARDO vs. COSTA, DOREEN LEAVENS ET AL
Motion No. 002

Page 2 of 4

Here, in its discretion, and considering the relevant factors, the motion under both CPLR 327 and 510 is denied.

The motion is untimely under CPLR 511, as it was not made within a reasonable time after the commencement of the action (*see Martirano v Golden Wood Floors Inc.,* 137 AD3d 612, 613 [1st Dept 2016]). Significantly, defendants' motion was filed after the completion of discovery in New York County, and over one (1) year after the filing of the note of issue on April 24, 2024. During discovery, the parties appeared for at least six (6) conferences before the court in New York County, and thereafter, at least three (3) settlement conferences were conducted before the court in New York County, prior to this case being placed on the trial calendar and, prior to defendants filing the within motion.

Moreover, even if the merits were considered, defendants failed to demonstrate that a change in venue is warranted. Notably, while defendants assert that defendant Haley Marie Tobin, the driver of one of the motor vehicles involved in the subject accident, resides in Suffolk County, defendants' answer, amended answer and deposition testimony show that she also maintains a New York County residence.

Additionally, while defendants assert that material witnesses are located in Suffolk County, the witnesses are not identified, nor are affidavits supplied by the alleged inconvenienced witnesses (*see Fireman's Ins. Co. Doyle Group, Inc.,* 189 AD2d 711, 712 [1st Dept 1993] ["[a] motion to change venue based upon the convenience of material witnesses...must be supported by an

158632/2022  RESTREPO, RICARDO vs. COSTA, DOREEN LEAVENS ET AL
Motion No. 002

Page 3 of 4

[* 3]

affidavit that specifies the names and addresses of the witnesses, the essence of their expected testimony and the inconvenience that would be imposed").

Further, plaintiff has demonstrated prejudice if the venue of this matter is changed on the eve of trial, given plaintiff's treating physician has agreed to testify at trial, only in New York County.

| 3/5/2026 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **CHRISTOPHER CHIN, J.S.C.** | |
| **CHECK ONE:** | ☐ | CASE DISPOSED | ☒ | NON-FINAL DISPOSITION | |
| | ☐ | GRANTED ☒ DENIED | ☐ | GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ | SETTLE ORDER | ☐ | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ | INCLUDES TRANSFER/REASSIGN | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**158632/2022   RESTREPO, RICARDO vs. COSTA, DOREEN LEAVENS ET AL**
Motion No. 002

**Page 4 of 4**

[* 4]

4 of 4